UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY KLICK, | § | |
| Individually and On Behalf of All | § | COLLECTIVE ACTION |
| Others Similarly Situated, | § | COMPLAINT |
|     Plaintiff, | § | |
| vs. | § | |
| CENIKOR FOUNDATION, | § | CIVIL ACTION NO. 4:19-CV-1583 |
|     Defendant. | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Timothy Klick, on behalf of himself and all others similarity situated ("Plaintiff"), files this First Amended Complaint, as follows:

### I. PRELIMINARY STATEMENT

1.     Cenikor Foundation, a tax-exempt organization that runs a drug rehabilitation program, says that it has a "long history of fighting for our clients' recovery alongside them," and that it does "not allow the cost of treatment to become a hurdle for those seeking to improve their lives." Despite these high-minded ideals espoused by the company, Cenikor has turned patients struggling with addiction into a pool of unpaid, forced labor. Cenikor, acting as a staffing agency, has outsourced its patients through its work program to work for various private companies. While in Cenikor's work program, patients are frequently required to work 60-80 hours or more a week, often performing hard manual labor under dangerous conditions. However, unlike a staffing agency, Cenikor has pocketed the money paid by these companies for the work performed by Cenikor's patients. Cenikor's company-wide practices violate both the minimum wage and overtime requirements of the Fair Labor Standards Act.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover minimum wage and overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. This collective action consists of all individuals who participated in any work programs at the direction of Cenikor Foundation.

4. For at least three years prior to the filing of this Complaint, Defendant willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5. Plaintiff is an individual who was formerly employed by Defendant. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6. Cenikor Foundation is a domestic nonprofit corporation. Cenikor has been properly served and has appeared herein.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendant because it is a Texas resident. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because one of the Defendants resides in this district and all of the Defendants are residents of the State in which this district is located.  Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

10. At all relevant times, Defendant has acted, directly or indirectly, as an employer or joint employer with respect to Plaintiff and others similarly situated.  Defendant is or was jointly responsible for all decisions related to the wages to be paid to the Class Members, the work to be performed by the Class Members, the locations of work performed by the Class Members, the hours to be worked by the Class Members, and the compensation policies with respect to the Class Members.

11. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that

said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

13.     At all relevant times, Plaintiff and others similarly situated, were or are employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

14.     Cenikor is a tax-exempt organization that holds itself out as a drug rehabilitation program.[1]  However, its work rehabilitation program has been taken to the extreme, as patients are often required to work 60-80 hours per week if not more.  Some of the program's participants enter the program to comply with a court order.  Others enter the program voluntarily.  The long workweeks that Cenikor's patients are required to endure leave little if any time for them to seek counseling.  Cenikor's patients are duped into believing that they will receive meaningful treatment and rehabilitation, only to realize that they are being used as a cheap and expendable labor pool for Cenikor and the private companies that Cenikor's patients work for.

15.     Plaintiff Timothy Klick checked himself into Cenikor's Fort Worth facility in or about September of 2018 after hearing what was essentially a sales pitch from one of Cenikor's "outreach specialists" while at another rehabilitation program.   He was not told until he had checked in that he would be expected to perform manual labor under unsafe conditions for at least 40 hours per week and that he would receive no pay for his work.  Mr. Klick worked at Thermoserve, a dinnerware manufacturer in Dallas.  Thermoserve had at least four Cenikor patients who worked at least 40 hours per week at its Dallas facility.  He and others were told that they were expected to work more than 40 hours when Thermoserve got busy, and they

---

[1] Cenikor is headquartered in Houston.  It has "treatment centers" in Austin, Houston, Fort Worth, Killeen, San Marcos, Temple, Tyler, and Waco, Texas, as well as Baton Rouge, Louisiana.

sometimes did - sometimes working 10 hour shifts five or six days per week. Thermoserve paid Cenikor an unknown hourly rate for each hour that each Cenikor patient worked at its facility. Cenikor did not remit any of this money (or any money at all) to these workers. Mr. Klick quit the program because he was being exposed to what he believed were dangerous chemicals at Thermoserve and because he was not being paid for the long hours he was required to work.[2]

16. The work of Plaintiff and the Class Members conferred a direct economic benefit to Cenikor - in 2017 and 2018, the company made more than $7 million from its work programs each year. On information and belief, Cenikor incentivizes its "vocational service managers" to secure lucrative work contracts - those who do receive bonus payments. Cenikor claims that the money from the work programs is used to offset the cost of its rehabilitation program. However, food stamps cover meal costs, and for Cenikor's facilities in Louisiana, Medicaid pays for most of the counseling and medical costs. According to a report from Reveal News (available at https://www.revealnews.org/article/they-worked-in-sweltering-heat-for-exxon-shell-and-walmart-they-didnt-get-paid-a-dime/), "[i]nternal financial ledgers from the program's Baton Rouge facility show that in 2016 and 2017, Cenikor's job contracts regularly delivered more than twice as much money as its daily operating expenses." And while Cenikor's program participants are supposed to "graduate" in 18 months, fewer than 8 percent of them complete the program, according to Cenikor's own figures.

---

[2] Other Class Members have been required to work at oil refineries, chemical plants and other dangerous or hazardous locations, including cleaning flooded homes of black mold and raw sewage. Cenikor provides those in its program with no job or safety training, and, not surprisingly, on-the-job injuries are rampant. Given the long hours and dangerous conditions endured by Plaintiff and the Class Members, they are fully justified to have expected to be paid for their work.

17. Cenikor engages in harsh disciplinary practices in order to keep its patients in fear of being reported to Cenikor by the third party companies. A patient who is removed from his or her job with a private company is "put into assessment." This means that, in addition to immediately being assigned to another 40-plus hour-a-week job, for 21 days (or longer), the patient is required to wash dishes, mop, sweep and perform other menial tasks around the Cenikor facility until the facility closes for the night, all while reciting the "Cenikor philosophy." Other forms of discipline for failing to perform satisfactorily in Cenikor's work program include being forced to stand in a corner in an upright position for long periods of time; sitting in a "verbal chair" in an upright position for long periods of time, and writing the same lines repeatedly or essays.

18. No exemption excuses Defendants from paying Plaintiff and the other Class Members minimum wages and/or overtime rates under the FLSA.

19. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

20. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI.  COLLECTIVE ACTION ALLEGATIONS

22. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendants.  Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

23. Plaintiff brings his claims on behalf of all current and former Class Members.

24. Defendant's compensation policies and procedures with respect to Plaintiff and the Class Members and wages paid to Plaintiff and the Class Members are substantially similar, if not identical.

25. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or the Class Members.

26. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

27. Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

28. Plaintiff requests that Defendant identify all prospective members of the proposed class of Class Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

29. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

30. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

31. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

32. The foregoing allegations are incorporated herein by reference.

33. Plaintiff and others similarly situated were or are non-exempt employees of Defendant.

34. Plaintiff and others similarly situated are entitled to be paid the prevailing minimum wage under the Fair Labor Standards Act.

35. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

36. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff and others similarly situated the prevailing minimum wage as well as overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

38. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid minimum wages and/or overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as

provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII. DESIGNATION OF EXPERT WITNESS

39. The foregoing allegations are incorporated herein by reference.

40. Plaintiff designates the following individual as an expert witness in this case:

> Josh Borsellino
> Borsellino, P.C.
> 1020 Macon St., Suite 15
> Fort Worth, Texas 76102
> T: 817.908.9861
> F: 817.394.2412

Plaintiff seeks attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiff in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, respectfully requests that Defendant be required to answer and appear, this this case be certified as a collective action, that Plaintiff be appointed class representative and that Plaintiff's counsel be appointed class counsel, and that on final hearing, Plaintiff and other Class Members be awarded:

a. Monetary damages for lost wages in an amount to be determined at trial;

b. Liquidated damages in an amount equal to the monetary damages;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which he, and others similarly situated, may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing notice has been served on all parties of record through the ECF filing system of the Southern District of Texas on June 27th, 2019.

<u>/s/ Josh Borsellino</u>
Josh Borsellino