IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY KLICK, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 4:19-cv-01583 |
| v. | § § | |
| CENIKOR FOUNDATION, | § § | |
| *Defendant*. | § § | |

## DEFENDANT CENIKOR FOUNDATION INC.'S ORIGINAL ANSWER TO PLAINTIFF TIMOTHY KLICK'S FIRST AMENDED COMPLAINT

Defendant Cenikor Foundation, Inc. ("Defendant") hereby responds to Plaintiff Timothy Klick's ("Plaintiff") Plaintiff's First Amended Complaint (the "Complaint"), and states as follows:

## I. PRELIMINARY STATEMENT

1.      Defendant admits that it is a Section 501(c)(3) nonprofit organization that provides, among other things, long-term inpatient residential drug rehabilitation and therapeutic treatment programs. Defendant also admits its website states "Cenikor has a long history of fighting for our clients' recovery alongside them. We do not allow the cost of treatment to become a hurdle for those seeking to improve their lives." Defendant denies that it violated the Fair Labor Standards Act ("FLSA"), denies that collective action is appropriate under 29 U.S.C. § 216(b), and denies all remaining allegations in Paragraph 1 of the Complaint.

2.      Defendant admits Plaintiff purports to bring this lawsuit as a collective action seeking relief under the FLSA on behalf of himself and all other persons similarly situated to recover alleged unpaid minimum wage and overtime compensation. Defendant denies that it

71773639v.3

violated the FLSA and denies that collective action is appropriate under 29 U.S.C. § 216(b). Defendant further denies that Plaintiff is similarly situated to any of the putative class members, or that any of the putative class members are similarly situated to each other. Defendant further denies that Plaintiff is or ever was employed by Defendant. Defendant denies all remaining allegations in Paragraph 2 of the Complaint.

3.      Defendant admits Plaintiff seeks certification of a class as proposed in Paragraph 3 of the Complaint. Defendant denies it was an employer of Plaintiff or of the putative opt-in plaintiffs, denies collective action is appropriate, and denies all remaining allegations in Paragraph 3 of the Complaint.

4.      Defendant denies all allegations in Paragraph 4 of the Complaint.

## II. PARTIES

5.      Defendant denies an Exhibit 1 was attached to the Complaint, but admits an Exhibit 1, *FLSA Consent Form* was attached to *Plaintiff's Original Complaint* [Dkt. 1]. Defendant denies all remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

## III. JURISDICTION AND VENUE

7.      Defendant admits this Court has jurisdiction over this matter, but denies that Plaintiff is entitled to the relief requested or that collective action treatment is appropriate, denies it was ever an "employer" of Plaintiff or that Plaintiff was ever an "employee" of Defendant, and denies the remainder of the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits this Court has jurisdiction over Defendant and that Defendant is a Texas domestic nonprofit corporation, but denies that Plaintiff is entitled to the relief requested or that collective action treatment is appropriate, denies it was ever an "employer" of Plaintiff or

2

that Plaintiff was ever an "employee" of Defendant, and denies the remainder of the allegations in Paragraph 8 of the Complaint.

9.      Defendant admits the Southern District of Texas is a proper venue pursuant to 28 U.S.C. § 1391(b)(2),but denies the remaining allegations in Paragraph 9 of the Complaint.

## IV. COVERAGE

10.     Defendant admits Plaintiff voluntarily participated in Defendant's long-term program and was free to leave the program at any time of his choosing. Defendant denies all remaining allegations in Paragraph 10 of the Complaint.

11.     Defendant admits it is a covered "enterprise" as that term is defined in the FLSA, but denies Plaintiff is a covered "employee," denies that it ever was Plaintiff's employer as that term is defined in the FLSA and denies all remaining allegations in Paragraph 11 of the Complaint.

12.     Defendant admits it is a covered "enterprise" as that term is defined in the FLSA, but denies Plaintiff is a covered "employee," denies that it ever was Plaintiff's employer as that term is defined in the FLSA and denies all remaining allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

## V. FACTUAL BACKGROUND

14.     Defendant admits that it is a Section 501(c)(3) nonprofit organization that provides, among other things, long-term inpatient residential drug rehabilitation and therapeutic treatment programs. Defendant further admits that its long-term inpatient clients voluntarily enter Defednant's treatment programs and may leave the program at any time of their choosing. Defendant further admits its corporate headquarters is located in Houston, Texas. Defendant denies all remaining allegations in Paragraph 14 of the Complaint and denies all allegations in the footnote referenced in Paragraph 14 of the Complaint.

3

15.     Defendant admits Plaintiff became a client in August 2018, that Plaintiff provided vocational services with Thermoserve as part of his treatment program, and that Plaintiff voluntarily quit the treatment program in April 2019. Defendant denies the remaining allegations in Paragraph 15 of the Complaint and denies all allegations in the footnote referenced in Paragraph 15 of the Complaint.

16.     Defendant admits it has entered into agreements with various third-party companies related to Defendant's therapeutic rehabilitation treatment program and that a portion of Defendant's revenues were derived from these third-party agreements. Defendant admits the linked article contains the language quoted by Plaintiff, but denies the accuracy of the article. Defendant denies all remaining allegations in Paragraph 16 of the Complaint.

17.     Defendant denies all allegations in Paragraph 17 of the Complaint.

18.     Defendant denies that Plaintiff or other putative class members are or ever were "employees" of Defendant and Defendant denies all allegations in paragraph 18 of the Complaint.

19.     Defendant denies all allegations in paragraph 19 of the Complaint.

20.     Defendant admits Plaintiff purports to define the "relevant period" as the three-year period prior to filing this action, but Defendant denies its violations of the FLSA, if any, were willful, and denies that a third year of limitations is appropriate and denies all remaining allegations in Paragraph 20 of the Complaint.

21.     Defendant admits Plaintiff has retained counsel in this matter, but denies Defendant violated the FLSA, denies Defendant was ever Plaintiff's "employer" or that Plaintiff was ever Defendant's "employee" under the FLSA, and denies all remaining allegations in Paragraph 21 of the Complaint.

71773639v.3

## VI. COLLECTIVE ACTION ALLEGATIONS

22.     Defendant denies all allegations in Paragraph 22 of the Complaint.

23.     Defendant admits Plaintiff seeks certification of a class but denies it was ever Plaintiff's or any putative opt-in plaintiff's "employer" or that Plaintiff or any putative opt-in plaintiff was ever Defendant's "employee" under the FLSA. Defendant further denies collective action is appropriate, denies Plaintiff is similarly situated to those persons he seeks to represent, and denies all remaining allegations in Paragraph 23 of the Complaint.

24.     Defendant denies all allegations in Paragraph 24 of the Complaint.

25.     Defendant denies all allegations in Paragraph 25 of the Complaint.

26.     Defendant denies all allegations in Paragraph 26 of the Complaint.

27.     Defendant admits Plaintiff seeks certification of a class but denies it was ever Plaintiff's or any putative opt-in plaintiff's "employer" or that Plaintiff or any putative opt-in plaintiff was ever Defendant's "employee" under the FLSA. Defendant further denies collective action is appropriate, denies Plaintiff is similarly situated to those persons he seeks to represent, and denies all remaining allegations in Paragraph 27 of the Complaint.

28.     Defendant admits Plaintiff seeks certification of a class but denies it was ever Plaintiff's or any putative opt-in plaintiff's "employer" or that Plaintiff or any putative opt-in plaintiff was ever Defendant's "employee" under the FLSA. Defendant further denies collective action is appropriate, denies Plaintiff is similarly situated to those persons he seeks to represent, and denies it is permitted to disclose identifying information about its clients. Defendant denies all remaining allegations in Paragraph 28 of the Complaint

29.     Defendant admits Plaintiff seeks certification of a class and seeks to represent those individuals, but denies it was ever Plaintiff's or any putative opt-in plaintiff's "employer" or that

5

Plaintiff or any putative opt-in plaintiff was ever Defendant's "employee" under the FLSA. Defendant further denies collective action is appropriate, denies Plaintiff is similarly situated to those persons he seeks to represent, and denies all remaining allegations in Paragraph 29 of the Complaint.

30.     Defendant admits Plaintiff seeks certification of a class but denies it was ever Plaintiff's or any putative opt-in plaintiff's "employer" or that Plaintiff or any putative opt-in plaintiff was ever Defendant's "employee" under the FLSA. Defendant further denies collective action is appropriate, denies Plaintiff is similarly situated to those persons he seeks to represent, and denies all remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant is without knowledge to form an opinion about the allegations in Paragraph 31 of the Complaint. Defendant denies it was an employer of Plaintiff or of the putative opt-in plaintiffs, denies collective action is appropriate, denies Plaintiff is similarly situated to those persons he seeks to represent, and denies all remaining allegations in Paragraph 31 of the Complaint.

**VII. CAUSE OF ACTION – VIOLATIONS OF THE FLSA**

32.     Defendant incorporates, by reference, Paragraphs 1 – 31 of its Answer, as if set forth fully herein.

33.     Defendant denies all allegations in Paragraph 33 of the Complaint.

34.     Defendant denies all allegations in Paragraph 34 of the Complaint.

35.     Defendant denies all allegations in Paragraph 35 of the Complaint.

36.     Defendant denies all allegations in Paragraph 36 of the Complaint.

37.     [Sic]

6

38.     Defendant denies that Plaintiff is entitled to any of the relief requested, denies Plaintiff or the purported class members were "employees" of Defendant or that Defendant was the "employer" of Plaintiff or the purported class members and denies certification of a class is appropriate in this matter. Furthermore, Defendant denies an award of pre-judgment interest is available in FLSA actions in which the plaintiff seeks and/or is awarded liquidated damages.

## VIII. DESIGNATION OF EXPERT WITNESS

39.     Defendant incorporates, by reference, Paragraphs 1 – 38 of its Answer, as if set forth fully herein.

40.     Defendant admits that Plaintiff seeks various recoveries, but denies that Plaintiff, or unidentified, putative class members, as defined by Plaintiff, is entitled to any relief whatsoever, denies that it engaged in any unlawful illegal conduct, and further denies that any just or proper basis exists for awarding relief against Defendant and in favor of Plaintiff.

## DEFENSES AND AFFIRMATIVE DEFENSES

41.     Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses and affirmative defenses.

42.     Plaintiff's Complaint fails to state a claim for relief or cause of action against Defendant.

43.     To the extent this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses and affirmative defenses asserted in this Answer are intended to apply and do apply to all unidentified, putative class members, as defined by Plaintiff, who join in the class and/or are otherwise certified as a part of a class to the extent applicable to their individual and unique circumstances.

44.     Defendant is not Plaintiff's employer, and has never been Plaintiff's employer as that term is defined under the FLSA.  29 U.S.C. § 203(d).

45.     Plaintiff is not an employee of Defendant, and has never been employed by Defendant.  Plaintiff does not meet the definition of "employee" under the FLSA with respect to Defendant.  29 U.S.C. § 203(e).

46.     Plaintiff's claims are barred in whole or in part because Plaintiff was a volunteer receiving addiction treatment who performed hours of service without promise, expectation or receipt of compensation for services rendered.

47.     Plaintiff's claims are barred in whole or in part because, to the extent Plaintiff performed work, Plaintiff was an intern and Defendant was not the primary beneficiary of the work or working relationship. Instead, Plaintiff was the primary beneficiary.

48.     Plaintiff's claims are barred in whole or in part because Plaintiff and Defendant clearly understood there was no expectation of compensation resulting from the relationship between them, if any.

49.     Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

50.     Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff, seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

51.     Plaintiff's claims are barred, in whole or in part, by the applicable two (2) year statute of limitations. 29 U.S.C. § 255(a).

52.     Plaintiff's claims are barred, in whole or in part, by the applicable three (3) year statute of limitations. 29 U.S.C. § 255(a).

53.     Plaintiff's claims are barred, in whole or in part, to the extent the amount of alleged unpaid wages or overtime was *de minimis*.

54.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks compensation for activities that are preliminary or postliminary to principal work activities that are not integral and indispensable to principal work activities.

55.     Defendant did not willfully violate the FLSA with respect to Plaintiff or any other individual. No action taken by Defendant with respect to Plaintiff constitutes willful, knowing or reckless disregard of Plaintiff's rights under the law.

56.     Plaintiff is not entitled to any liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

57.     Plaintiff's claims are barred, in whole or in part, because any action taken in connection with Plaintiff's volunteer services was done in good faith conformance with and reliance upon written and/or other administrative regulations, orders, rulings, approvals, interpretations, practices or enforcement policies of the Wage and Hour Division of the United States Department of Labor and other related administrative agencies, including state agencies, as well as in reliance upon case law interpreting the FLSA and analogous state wage and hour statutes.

58.     To the extent Plaintiff seeks remedies against Defendant beyond those available under the statute upon which Plaintiff's claims are based, such remedies are improper.

59.     This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 for a collective action have not been and cannot be satisfied.

60.     A class or collective action is inappropriate because Plaintiff is not similarly situated to the unidentified, putative class members, as defined by Plaintiff, and the unidentified,

9

putative class members, as defined by Plaintiff, are not similarly situated to each other.

61.     Plaintiff is not a proper representative of the purported class Plaintiff seeks to represent, and the purported class is not a class which can properly be certified in this action.

62.     Collective action is inappropriate for Plaintiff's claims due to the varied factual circumstances, work history, positions, duties, and responsibilities of Plaintiff and each of the unidentified, putative class members, as defined by Plaintiff.

63.     Plaintiff's claims are not proper for class certification because the claims or defenses of the representative parties are not typical of the claims or defenses of the unidentified, putative class members, as defined by Plaintiff.

64.     Plaintiff's claims are not proper for class certification because Plaintiff, as the representative party, will not fairly and adequately protect the interests of the unidentified, putative class members, as defined by Plaintiff.

65.     Plaintiff's claims are not proper for class certification because the questions of law or fact that allegedly are common to the unidentified, putative class members, as defined by Plaintiff, will not predominate over any questions affecting only individual, unidentified, putative class members, as defined by Plaintiff.

66.     Plaintiff's claims are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this controversy.

67.     To the extent sought, Plaintiff is not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216, 260.

68.     To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216, 260.

69.     While Defendant contends Plaintiff not to be entitled to any wages because Plaintiff was never an "employee" of Defendant, to the extent wages are deemed to be owed Plaintiff, Plaintiff has been paid all wages to which he is entitled under federal and/or state law.

70.     In the event Defendant is found liable to Plaintiff, any such liability being expressly denied, Defendant asserts the affirmative defense of offset or credit for the value of all services, accommodations, goods, food, medical care, counseling, education, and other benefits provided to Plaintiff.

71.     Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based upon evidence revealed during discovery.

WHEREFORE, Defendant Cenikor Foundation, Inc. prays that the Court dismiss Plaintiff's Complaint, that Plaintiff takes nothing by this suit, that all relief prayed for by Plaintiff in this action be denied, and that Defendant be given such other and further relief, general and special, legal and equitable, to which it may be entitled.

Dated: July 11, 2019                    Respectfully submitted,

                                         */s/ David M. Gregory*
                                        David M. Gregory
                                        LOCKE LORD LLP
                                        600 Travis Street, Suite 2800
                                        Houston, Texas 77002-3095
                                        Telephone (713) 226-1200
                                        Facsimile (713) 223-3717
                                        DGregory@lockelord.com

                                        **COUNSEL FOR DEFENDANT,
                                        CENIKOR FOUNDATION**

11

71773639v.3

OF COUNSEL

Christopher Dove
Texas State Bar No. 24032138
Federal ID No. 37989
Andrew W. Reed
Texas State Bar No. 24074935
Federal ID No. 1140192
LOCKE LORD, LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
Telephone (713) 226-1200
Facsimile (713) 223-3717
cdove@lockelord.com
andrew.reed@lockelord.com

Frank Sommerville
Texas State Bar No. 18842700
Federal ID No. 9748
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
Telephone (817) 795-5046
Facsimile (800) 556-1869
fsommerville@wkpz.com

**OF COUNSEL FOR DEFENDANT,
CENIKOR FOUNDATION**

## CERTIFICATE OF SERVICE

I certify that on this 11th day of July, 2019, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel for the Plaintiff by operation of the court's electronic filing system.

/s/ David M. Gregory
David M. Gregory