**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TIMOTHY KLICK, individually and on behalf of all others similarly situated, <br> Plaintiff, <br><br> vs. <br><br> CENIKOR FOUNDATION, <br> Defendant. | § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 19-cv-01583 <br><br><br><br><br> JUDGE CHARLES ESKRIDGE |

## ORDER

Before the Court is a motion for consolidation by Defendant Cenikor Foundation. Dkt 35. There is no response, but counsel for each plaintiff in all related cases are unopposed to consolidation. Id at 14.

Upon consideration, the Court denies the motion.

Cenikor wishes to consolidate this case with four others currently pending before Judge Ellison:

- o *Williams v Cenikor Foundation, et al*, Case No 4:19-cv-02828 (SD Tex), formerly Case No 1:19-cv-00229 (ED Tex);
- o *Potter v Cenikor Foundation Inc, et al*, Case No 4:19-cv-03031 (SD Tex), formerly Case No 3:19-cv-00294 (MD La);
- o *Aleem v Cenikor Foundation Inc*, Case No 4:19-cv-03032 (SD Tex), formerly Case No 3:19-cv-00268 (MD La); and

- *Sorey v Cenikor Foundation*, Case No 4:19-cv-03033 (SD Tex), formerly Case No 3:19-cv-00267 (MD La).

The Court has reviewed the complaints on file in each action. Counsel for each plaintiff in each action is different. The *Potter* and *Williams* actions each also name an additional defendant beyond Cenikor.

Other parts of the cases vary as well, including factual predicates. Indeed, plaintiff gives no concrete assurances in this regard, conceding that discovery "may reveal differences in terms of the plaintiffs or the proposed classes." Dkt 35 at 11.

These differences extend to the pleaded causes of action. All five cases assert minimum wage and overtime violations of the Fair Labor Standards Act. See 29 USC §§ 206, 207. But only the *Sorey* action and the one before this Court solely limit themselves to such claims. The *Williams* action adds a different FLSA claim for failure to maintain accurate records. See 29 USC § 211(c). The *Potter* action doesn't, but instead adds a claim under the Louisiana Wage Payment Act. See La RS §§ 23:631–32. The *Aleem* action includes a similar claim under the Louisiana Wage Payment Act, while also adding a state common-law claim for breach of implied contract and quantum meruit.

Rule 42(a) allows for consolidation of actions involving "a common question of law or fact." But district courts maintain "very broad discretion in deciding whether or not to consolidate." *Frazier v Garrison ISD*, 980 F2d 1514, 1532 (5th Cir 1993). A key focus is the avoidance of "unnecessary cost or delay." FRCP 42(a)(3).

It appears that some overlapping questions of fact and law may exist, at least at a certain level of generality. But the Court sees no path towards a unified approach to this litigation. Quite simply, different plaintiffs are bringing different causes of action while represented by different counsel. Given the disparities in parties and counsel, the differing factual predicates, and the variance in causes of action, the Court finds that consolidation would more likely increase cost and delay, rather than avoid it.

This denial in no way precludes voluntary and professional cooperation between counsel. To the extent that some witnesses or documents might overlap in these cases, the Court encourages the parties to cooperate during discovery to avoid unnecessary costs. See *Pugh v Baker Hughes Oilfield Operations Inc*, 2007 WL 3378377, at *2 (SD Tex).

The Court DENIES the motion.

SO ORDERED.

Signed on December 18, 2019, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge