UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY KLICK, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:19-cv-1583 |
| v. | § § | |
| CENIKOR FOUNDATION, | § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| MALIK ALEEM, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:19-cv-03032 |
| v. | § § | |
| CENIKOR FOUNDATION, | § § | |
| *Defendants.* | § | |

### *ALEEM* PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION

The undersigned counsel, who represent the Plaintiffs in the pending action of *Aleem et al. v. Cenikor Foundation*, no. 4:19-cv-03032 (S.D. Tex.) hereby file this opposition to the Motion for Reconsideration filed by Cenikor Foundation ("Cenikor."). Although Cenikor filed its motion as "unopposed," their counsel never contacted the undersigned prior to filing the motion for reconsideration.

To be clear, the *Aleem* plaintiffs did not oppose the initial motion for consolidation of the various Cenikor cases. But that motion was denied. The *Aleem* plaintiffs <u>do</u> oppose this new

motion for reconsideration.  Why?  Because the *Aleem* lawsuit was filed on May 1, 2019.  Since that time, it has been stuck in a procedural morass, caused in large part by Cenikor's repeated non-substantive motions: motions to transfer, motions for extension of time, and now motion for reconsideration.  The same is true for the other cases which are part of this motion.  Cenikor's litigation playbook appears to have one page in it: "delay."  It is time to turn to a new page and move forward with the substantive issues in this case.

"For reasons of judicial economy and finality, . . . motions for reconsideration are disfavored and are rarely granted."[1]  "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[2]  Cenikor does not address any new arguments in its motion.  It does not point to recently discovered facts which would change the analysis, and it does not cite to any newly changed law that might change the conclusion.  Instead, it simply argues that the Court was wrong.  But it is undisputed that district courts have wide discretion in granting or denying motions to consolidate seemingly related cases.  This Court has exercised its discretion to deny that requested relief.  Cenikor's displeasure with that decision is not enough, standing alone, to justify a motion for reconsideration.

WHEREFORE, the *Aleem* plaintiffs request that the Motion for Reconsideration be denied so that the parties can proceed with prosecuting the substance of their claims.

//

//

//

---

[1] *Oliver v. CitiMortgage, Inc.*, 2014 U.S. Dist. LEXIS 40772, *3 (N. D. Tex March 27, 2014) (quoting *Resolution Trust Corp. v. Aetna Casualty & Surety Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994)).

[2] *Helena Laboratories Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir.1990)).

Dated: January 13, 2020          Respectfully Submitted,

**THE CHOPIN LAW FIRM LLC**

_____/s Adam Sanderson_____
**JUSTIN M. CHOPIN (Tex. Bar No. 24090829)**
**ADAM P. SANDERSON (La. Bar No. 31312)**
650 Poydras St., Suite 1550
New Orleans, La. 70130
Telephone:    Justin Direct: 504-229-6681
                Adam Direct: 504-517-1675
Facsimile:    504-324-0640
Email:        Justin@ChopinLawFirm.com
             Adam@ChopinLawFirm.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

      I hereby certify that on January 13, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

_____/s Adam Sanderson_____

4840-7067-5121, v. 1