UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY KLICK, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:19-cv-01583 |
| v. | § § | |
| CENIKOR FOUNDATION, | § § | |
| *Defendants.* | § § | |

### DEFENDANT CENIKOR FOUNDATION'S REPLY IN SUPPORT OF UNOPPOSED MOTION FOR RECONSIDERATION

Defendant Cenikor Foundation, Inc. ("Cenikor" or "Defendant") files this reply in support of its motion for reconsideration, which is unopposed by Plaintiff Timothy Klick ("Klick" or "Plaintiff"), and respectfully shows as follows.

The Response filed by Plaintiff Malik Aleem – a named plaintiff in the third-filed of the now six-related FLSA lawsuits, contains multiple misrepresentations that Cenikor wishes to correct.

**A.    Plaintiff Timothy Klick Is Unopposed To Cenikor's Motion**

In the certificate of conference within its motion to reconsider, Cenikor's counsel stated, "I certify that on January 10, 2020, I conferred with Plaintiff's counsel via telephone and email regarding the relief sought in this motion. Plaintiff is unopposed." [Dkt. 54, p. 12]. Accordingly, Cenikor's representation of non-opposition was limited only to Plaintiff, Timothy Klick. Cenikor never intended to and did not represent it had conferred with counsel in the other five related cases on a motion to be filed in the Klick case only.

82016951v.4

Klick is not opposed to the relief sought in Cenikor's Motion to Reconsider. Moreover, excluding Aleem's counsel, no other counsel is opposing Cenikor's motions to transfer to the first-to-file case, which are being filed today in each of the other five related cases.[1]

B.  **Cenikor is Not Responsible For The Southern District of Texas's Local Rules, Court Orders, Or Fifth Circuit Precedent**

In its Response, Aleem improperly impugns the motives of Cenikor and its counsel, stating Cenikor has intentionally delayed this case by filing "motions to transfer, motion for extension of time, and now motion for reconsideration." [Dkt. 55, p. 2]. The "procedural morass"—as Aleem refers to it—exists primarily because multiple plaintiffs filed near identical lawsuits in three separate jurisdictions. As a result, on May 31, 2019, the Middle District of Louisiana *sua sponte* transferred this case within the Middle District of Louisiana to the first-filed within that district, which was the Sorey litigation. [Dkt. 26 in Aleem 4:19-cv-3032]. Subsequently, on August 19, 2019, the Middle District of Louisiana again transferred this case to Judge Ellison in the Southern District of Texas pursuant to the first-to-file rule, finding substantial overlap between the Klick and Aleem matters. [Dkt. 45 in Aleem, 4:19-cv-3032]. Notably Aleem *agreed* with this transfer. [Dkt. 41 in Aleem, 4:19-cv-3032] ("Plaintiff therefore agrees that this matter should be transferred to Judge Ellis [sic] . . . ."). Accordingly, two of the motions to transfer Aleem now includes as part of "procedural morass" and delay were issued either *sua sponte* by the Court or with Aleem's approval.

As for the motion for extension, Aleem filed his motion for conditional certification on May 13, 2019, less than two weeks after filing his original Complaint. [Dkt. 8 in Aleem, 4:19-cv-3032]. Thus, Cenikor's deadline to respond to Aleem's conditional certification motion (June 3,

---

[1] To clarify, the Sorey, Potter, Williams, and Woods plaintiffs are unopposed to transfer to this first-to-file Court. While Cenikor's counsel has sought Aleem's position and forwarded a draft of the motion to Aleem's counsel, Aleem has not responded, and thus the motion in Aleem is being filed as opposed.

2019), was prior to Cenikor's answer deadline (June 13, 2019) [*see* Dkt. 17 in Aleem, 4:19-cv-3032], and appears to have been an attempt to have Aleem's case certified before the first-filed and second-filed lawsuits. Accordingly, Cenikor requested an extension of its deadline to respond to permit Cenikor to appear, file an answer, and to give the parties an opportunity to brief issues related to transfer and consolidation. [Dkt. 20 in Aleem, 4:19-cv-3032]. Of course, as has become apparent, Cenikor's request for an extension was necessary and appropriate.

If any party is responsible for delay in this case, it is Aleem, who while acknowledging each of the related lawsuits arise from the same basic facts [*see* Dkt. 11 in Aleem 4:19-cv-3032], is now the only party unwilling to transfer its case to the first-filed case by agreement and consolidate.

**C.  Conclusion**

Accordingly, Cenikor requests the Court reconsider its order denying consolidation in light of the non-opposition by the other related-cases to the motions to transfer to this first-to-file Court pursuant to the Fifth Circuit's first-to-file rule.

Dated: January 17, 2020

Respectfully submitted,

LOCKE LORD LLP

By: */s/ David M. Gregory*
David M. Gregory
Texas State Bar No. 24007274
Southern District ID No. 24397
600 Travis Street, Suite 2800
Houston, Texas 77002
dgregory@lockelord.com
Tel: (713) 226-1344
Fax: (713) 223-3717

**ATTORNEY-IN-CHARGE
FOR DEFENDANTS**

Christopher Dove
Texas State Bar No. 24032138
Southern District ID No. 37989
Andrew W. Reed
Texas State Bar No. 24074935
Southern District ID No. 1140192
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
Telephone (713) 226-1200
Facsimile (713) 223-3717
cdove@lockelord.com
andrew.reed@lockelord.com

Frank Sommerville
Texas State Bar No. 18842700
Southern District ID No. 9748
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
Telephone (817) 795-5046
Facsimile (800) 556-1869
fsommerville@wkpz.com

**OF COUNSEL**
**FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I certify that a copy of this reply was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for the Plaintiff by operation of the court's electronic filing system.

                                                    */s/ David M. Gregory*
                                                    David M. Gregory

82016951v.4