United States District Court
Southern District of Texas
**ENTERED**
July 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY KLICK, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:19-cv-01583 |
| CENIKOR FOUNDATION. | § § § | |
| *Defendant.* | § § | |

# CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is the joint motion of the parties[1] for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

### 1.     Classified Information

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

### 2.     Qualified Persons

"Qualified Persons" means:

a.    For Counsel or Attorneys Only information:

   i.    retained counsel for the parties in this litigation and their respective staff;

---

[1] On February 25, 2020, this Court entered an order consolidating this matter for pretrial purposes with *Williams v. Cenikor Foundation*, No. 4:19-cv-2828, *Potter v. Cenikor Foundation, Inc.*, No. 4:19-cv-3031, *Aleem v. Cenikor Foundation*, no. 4:19-cv-3032, *Sorey v. Cenikor Foundation*, No. 4:19-cv-3033, and *Woods v. Cenikor Foundation*, No. 4:19-cv-4569. [Dkt. 60]. Counsel for the parties in the Consolidated Cases have agreed that, in addition to the Court's Order on Discovery Format [Dkt. 63], this Order shall govern discovery in each of the Consolidated Cases.

1

      ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

      iii.    this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    For Confidential information:

      i.    the persons identified in subparagraph 2(a);

      ii.    the party, if a natural person;

      iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case;

      iv.    litigation vendors, Court reporters, and other litigation support personnel;

      v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other person as this Court may designate after notice and an opportunity to be heard.

### 3. Designation Criteria

a.    *Nonclassified Information.* Classified Information shall not include information that either:

      i.    is in the public domain at the time of disclosure, as evidenced by a written document;

      ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

      iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

      iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.      *Classified Information*. A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified Information.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law (including without limitation information subject to the Health Insurance Portability and Accountability Act of 1996, as amended, the regulations under 42 CFR Part 2, and/or any state law addressing privacy and confidentiality (collectively "Privacy Laws"), such as  substance abuse treatment, rehabilitation, medical,  and other sensitive information (such as HIV/AIDS status, mental health disorders, sexual and/or domestic abuse)) that, if not restricted as set forth in this order, may subject the producing or disclosing person to criminal and/or civil penalties, competitive or financial injury or potential legal liability to plaintiff, putative opt-in plaintiffs, later opt-in plaintiffs, and/or third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c.      *For Counsel or Attorneys Only*. The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for Classified Information that is believed to be (1) unknown to the opposing party or parties, or any of the employees of a corporate party or (2) subject to Privacy Laws. For purposes of this order, so-designated information includes, but is not limited to, non-public financial information, pricing information, customer identification data, business partner identification information, and information subject to Privacy Laws.  With

respect to Classified Information subject to Privacy Laws, Classified Information will only be produced and labeled under this category if the individual with whom such information relates submits fully completed and signed authorizations/consents to release such information, including the Authorization/Consent to Release Medical Records and Authorization/Consent to Release Psychotherapy Notes, both as set forth in Exhibit A and as discussed below in paragraph 4.

      d.     *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information provided authorizations/consents are obtained for any information subject to Privacy Laws. However, in the event the Court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the Court to enter an ultrasensitive information protocol in advance of production to further protect such information. To the extent such information is subject to Privacy Laws and no consent has been signed by the person whose records are sought and presented to Cenikor Foundation, the requesting party must seek and obtain an order from the Court in compliance with the procedures and criteria set forth in 42 CFR Section 2.64, as described below under paragraph 4(b).

      4.     **Classified Information Protected by Privacy Laws.**

      a.     Notwithstanding anything to the contrary in this Confidentiality and Protective Order, Classified Information protected by Privacy Laws for any named plaintiff, putative opt-in plaintiff, or later opt-in plaintiff shall not be produced by Cenikor in response to any written discovery request, response to any interrogatory, or in verbal or written deposition or hearing/trial testimony and any objections thereto until such individual has signed fully completed authorizations/consents to release such information, including the Authorization/Consent to Release Medical Records and Authorization/Consent to Release Psychotherapy Notes, both as set forth in Exhibit A, and such signed consents are provided to Cenikor Foundation.

      b.     To the extent no authorization/consent has been provided, the requesting party must seek and obtain a separate and independent order from the Court in compliance with the procedures and criteria set forth in 42 CFR Section 2.64, including the requirements to (i) submit

4

an application to the Court using a fictitious name for the patient, unless the patient has consented to use of his or her name or the Court has ordered the record sealed, (ii) provide the patient and Cenikor Foundation with adequate notice in a manner which does not disclose patient identifying information to other persons, and (iii) an opportunity to both the patient and Cenikor Foundation to file a written response to the application, or to appear in person. An order may be entered *only* if the Court determines that good cause exists. To make this determination, the Court must find that: (1) other ways of obtaining the information are not available or would not be effective (e.g., obtaining the patient's written authorization); and (2) the public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship, and the treatment services. Any such Court order must (x) limit disclosure to those parts of the patient's record which are essential to fulfill the objective of the order; (y) limit disclosure to those persons whose need for information is the basis for the order; and (z) include such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship, and the treatment services.

**5.     Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. Further, all Classified Information subject to 42 CFR Part 2 shall remain subject to its protections and shall be prohibited from redisclosure unless the plaintiff, putative opt-in plaintiff, or later opt-in plaintiff expressly permits further disclosure or the disclosure is permitted by federal regulations (42 CFR Section 2.32).

**6.     Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes

Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection. Any disclosures of Classified Information protected by Privacy Laws under this Protective Order must be accompanied with the statement "42 CFR part 2 prohibits unauthorized disclosure of these records."

### 7. Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential," "For Counsel Only," or "Attorneys Eyes Only" and is subject to the provisions of this Order. To the extent a deposition transcript or its exhibits contain Classified Information protected by Privacy Laws, the following state must be placed on the first page of the deposition: "42 CFR part 2 prohibits unauthorized disclosure of these records."

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from deposition any person who is not authorized to receive Classified Information pursuant to this Protective

Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

### 8. Disclosure to Qualified Persons

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation; provided, however, that the party outsourcing the foregoing services must enter into a contract with the service provider that (i) contains the elements required by 45 CFR 164.504(e) (whether or not the party outsourcing has the obligation under HIPAA to enter into a business associate agreement or not) and (ii) (A) includes the service provider's acknowledgement that in receiving, storing, processing, or otherwise dealing with any patient records from the Part 2 program, the service provider is fully bound by the regulations in Part 2; and (B) if necessary, the service provider will resist in judicial proceedings any efforts to obtain access to patient identifying information related to substance

use disorder diagnosis, treatment, or referral for treatment except as permitted by the regulations in Part 2.

    c.    Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

    **9.    Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party. Notwithstanding the foregoing, any information subject to Privacy Laws shall be deemed to be Classified Information whether or not produced with a designation as Classified Information.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to mitigate such unauthorized acquisition of, prevent disclosure by each unauthorized person who received such information, and comply with any reporting obligations under applicable federal and/or state law.

    **10.    Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

    **11.    Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or

cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

   **12.**  **Challenging the Designation**

   a.  *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information unless such information is subject to Privacy Laws as this designation via statutes and regulations control over this Order.

   b.  *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the Court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

### 13. Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

### 14. Filing Under Seal

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the Court.

### 15. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 16.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

### 17.    Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 18.    Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 19.    Waiver

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

### 20.    Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

It is SO ORDERED this 23rd day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE

**Authorization/Consent to Release Medical Records**

1. **Requested Release of Health Information.** I hereby request and authorize Cenikor Foundation ("Cenikor") to release my medical records described in #3 below, in accordance with the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA"), and 42 C.F.R. Part 2, to Cenikor's attorney and my attorney. Disclosure of the requested medical records will be made as described in #5 below.

2. **Client Information and Medical Records Requested.**

**Client Name:** _____
(Include any former names under which your medical records would be held)
**Date of Birth:** _____    **Last 4 of SSN#** _____
**Admission Date(s)/Location(s):** _____
(Insert at least one admission date or admission location for verification purposes.)

3. **Medical Records Requested for Disclosure.** All of my Cenikor medical records for all admission dates with Cenikor. I acknowledge that (i) the disclosure will include medical records relating to substance use disorder information and may include information relating to other sensitive conditions (e.g., HIV/AIDS-related treatment, sexually transmitted disease, abuse, and mental health (other than psychotherapy notes)), and (ii) the disclosure of all medical records is necessary to carry out the stated purpose described in #4 below.

4. **Purpose; Expiration.** The purpose of the disclosure is at the request of the individual and in connection with the civil litigation case against Cenikor in which I am a named plaintiff, putative opt-in plaintiff, or an opt-in plaintiff and any cases to which my case may be later consolidated in whole or in part. *This authorization will expire upon the conclusion of such civil litigation case (including any appeal rights).* I understand that I may revoke this authorization at any time by giving written notice to Cenikor, except that a revocation of this authorization will not apply to medical records already released in reliance upon the authorization. A photocopy of this signed authorization will constitute a valid authorization.

5. **Secure Disclosure of Medical Records.** Cenikor will disclose my requested medical records to Cenikor's attorney, who will then establish a secure electronic file share site to upload my requested medical records. Cenikor's attorney will send a secure email to my attorney(s) with separate login information and instructions for accessing the secure electronic file share site to:

*Client's Attorney Name:*_____    *Email:*_____

Additional attorney's names are included on an attached Appendix A (please check one):   Yes [ ]    No [ ]

6. Cenikor, its employees, its attorneys, and attending physicians are released from legal responsibility or liability for the release of my medical records to the extent indicated and authorized herein. Cenikor generally may not condition its provision of healthcare to me based on the receipt of this authorization, except in limited circumstances.

7. I understand that the information disclosed will no longer be protected by HIPAA and could be subject to redisclosure; however, any alcohol, drug abuse and mental health treatment (substance abuse) information disclosed is **prohibited** from further disclosure **unless I expressly permit further disclosure or the disclosure is permitted by federal regulations** (42 C.F.R. Part 2.32). I expressly permit further disclosure of my medical records by my attorney, Cenikor's attorney, and Cenikor to the Court for purposes of the civil litigation case against Cenikor in which I am a named plaintiff, putative opt-in plaintiff, or an opt-in plaintiff.

_____        _____
Signature of Client                                                                                      Date

_____
Printed Name of Client

EXHIBIT A

**Authorization/Consent to Release Psychotherapy Notes**

1. **Requested Release of Health Information.** I hereby request and authorize Cenikor Foundation ("Cenikor") to release my psychotherapy notes described in #3 below, in accordance with the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA"), and 42 C.F.R. Part 2, to Cenikor's attorney and my attorney. Disclosure of the requested psychotherapy notes will be made as described in #5 below.

2. **Client Information and Psychotherapy Notes Requested.**
   **Client Name:** _____
   (Include any former names under which your medical records would be held)
   **Date of Birth:** _____   **Last 4 of SSN#** _____
   **Admission Date(s)/Location(s):** _____
   (Insert at least one admission date or admission location for verification purposes.)

3. **Psychotherapy Notes Requested for Disclosure.** All of my psychotherapy notes for all admission dates with Cenikor. I acknowledge that (i) the disclosure will include psychotherapy notes relating to substance use disorder information and may include information relating to other sensitive conditions (e.g., HIV/AIDS-related treatment, sexually transmitted disease, abuse, and mental health (other than psychotherapy notes)), and (ii) the disclosure of all psychotherapy notes is necessary to carry out the stated purpose described in #4 below.

4. **Purpose; Expiration.** The purpose of the disclosure is at the request of the individual and in connection with the civil litigation case against Cenikor in which I am a named plaintiff, putative opt-in plaintiff, or an opt-in plaintiff and any cases to which my case may be later consolidated. *This authorization will expire upon the conclusion of such civil litigation case (including any appeal rights).* I understand that I may revoke this authorization at any time by giving written notice to Cenikor, except that a revocation of this authorization will not apply to psychotherapy notes already released in reliance upon the authorization. A photocopy of this signed authorization will constitute a valid authorization.

5. **Secure Disclosure of Psychotherapy Notes.** Cenikor will disclose my requested psychotherapy notes to Cenikor's attorney, who will then establish a secure electronic file share site to upload my requested psychotherapy notes. Cenikor's attorney will send a secure email to my attorney(s) with separate login information and instructions for accessing the secure electronic file share site to:

*Client's Attorney Name:*_____   *Email:*_____

Additional attorney's names are included on an attached Appendix A (please check one):  Yes [ ]     No [ ]

6. Cenikor, its employees, its attorneys, and attending physicians are released from legal responsibility or liability for the release of my psychotherapy notes to the extent indicated and authorized herein. Cenikor generally may not condition its provision of healthcare to me based on the receipt of this authorization, except in limited circumstances.

7. I understand that the information disclosed will no longer be protected by HIPAA and could be subject to redisclosure; however, I understand that any alcohol, drug abuse and mental health treatment (substance abuse) information disclosed is **prohibited** from further disclosure **unless I expressly permit further disclosure or the disclosure is permitted by federal regulations** (42 C.F.R. Part 2.32). I expressly permit further disclosure of my psychotherapy notes by my attorney, Cenikor's attorney, and Cenikor to the Court for purposes of the civil litigation case against Cenikor in which I am a named plaintiff, putative opt-in plaintiff, or an opt-in plaintiff.

_____   _____
Signature of Client                                                    Date

_____
Printed Name of Client

EXHIBIT A