UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| MALIK ALEEM, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CENIKOR FOUNDATION,<br><br>*Defendants.* | §§§§§§§§§§§§ Civil Action No. 4:19-cv-03032<br>c/w 4:19-cv-1583 |

## ALEEM PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

Plaintiff Malik Aleem, on his own behalf and on behalf of the proposed collective who he represents, hereby moves for equitable tolling of the statute of limitations for all individuals in the proposed collective as defined in the Complaint, but who have not yet opted in to this action: "All individuals who resided at the Cenikor Foundation, Inc. facility in Baton Rouge, Louisiana, within the three years prior to the filing of this Complaint, and who were assigned by Cenikor to work at third-party facilities but whose earnings were kept, in whole or in part, by Cenikor."[1] Plaintiffs seek equitable tolling beginning on June 14, 2019, and continuing through the date which each individual opt-in files his or her consent form.

Pursuant to Local Rule 7.1, Plaintiffs' counsel certify that they have conferred with Cenikor's counsel Andrew Reed, by email and telephonically. Cenikor opposes the relief set forth in this motion, and instead contends that equitable tolling should be granted for the time frame from May 30, 2019, through September 27, 2019, only.

---

[1] Dkt. #1, ¶ 32.

## LEGAL STANDARDS

### A.     The FLSA Statute of Limitations

The Fair Labor Standards Act (FLSA) sets a two year statute of limitations for claims of unpaid wages.[2]  However, if the plaintiff proves that the violation was "willful," the statute of limitations is extended to three years.[3]  Claims for unpaid wages under Louisiana law are also subject to a three year prescriptive period.[4]

This motion concerns unnamed plaintiffs who are members of the putative collective, but who have not yet joined the lawsuit.  The filing of a Rule 23 class action automatically tolls the statute of limitations for all class members.[5]  However, under 29 U.S.C. § 216(b) of the FLSA, the limitation period continues running for each member of the FLSA collective until he or she signs an individual opt-in form.[6]

### B.     Equitable Tolling

Despite these statutes of limitations, a court has authority to apply the doctrine of equitable tolling to extend the limitations period "when strict application of the statute of limitations would be inequitable."[7]  "The decision to allow equitable tolling of the statute of limitations rests in the discretion of the district court."[8] The party seeking equitable tolling bears the burden of proof.[9]  The Supreme Court has held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that

---

[2]     29 U.S.C. § 255(a).
[3]     *Id.*
[4]     La. Civ. Code art. 3494(1).
[5]     *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).
[6]     *Magana v. Shore Constr., LLC*, 2017 U.S. Dist. LEXIS 104764, at *12 (E.D. La. July 6, 2017).
[7]     *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)
[8]     *Kharb v. Ericsson, Inc.*, 2019 U.S. Dist. LEXIS 40982, at *16 (E.D. Tex. Mar. 14, 2019).
[9]     *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[10]

Equitable tolling is appropriate in FLSA collective action claims "to avoid the prejudice to actual or potential opt-in Plaintiffs that can arise from the unique procedural posture of [FLSA cases]," especially where Plaintiffs have diligently pursued their claims.[11] "Courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b)."[12]

## PROCEDURAL HISTORY

This case was initially filed on May 1, 2019 in the Middle District of Louisiana. (*Aleem et al. v. Cenikor Foundation, Inc.*, M.D.La. Case No. 19-cv-00268-JWD-RLB, Dkt. #1). Plaintiffs' motion for conditional certification was filed promptly – only twelve days later – on May 13, 2019. (*Id.*, Dkt. #8). On May 28, 2019, Cenikor filed a request for a 120-day extension of time to file its opposition brief. (*Id.*, Dkt. #20). On May 31, 2019, the Court, Hon. John deGravelles presiding, granted Cenikor's request in part and allowed a 14-day extension of time to file an opposition. (*Id.*, Dkt. #24). Cenikor's deadline to respond was therefore June 14, 2019.

Cenikor did not file an opposition brief, or any other document, by the June 14th deadline. Instead, Cenikor waited until June 18, 2019, after the deadline passed, and filed another motion re-urging its previous 120-day extension request, even though this

---

[10] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Holland v. Florida*, 560 U.S. 631, 632 (2010).
[11] *Yahraes v. Rest. Associates Events Corp.*, 2011 U.S. Dist. LEXIS 23115, at *4 (E.D.N.Y. Mar. 8, 2011).
[12] *Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 U.S. Dist. LEXIS 51833, at *4 (E.D. La. Apr. 20, 2009); *see also Struck v. PNC Bank NA*, 931 F. Supp. 2d 842, 848-49 (S.D. Ohio 2013).

precise request for relief had already been denied. (*Id.*, Dkt. #30). The Court denied any further extension. (*Id.*, Dkt. #34).

Cenikor eventually moved for the *Aleem* case to be transferred to the Southern District of Texas under the first-to-file rule and, ultimately, the matter was consolidated for discovery with several other similar cases filed against Cenikor.

Meanwhile, on September 27, 2019 – three and a half months after the deadline had passed – Cenikor filed an opposition brief to the motion for certification. (Dkt. #55). Plaintiffs filed a reply brief. (Dkt. #59). The motion is still pending.

## ARGUMENT

### A. The Unforeseen Delays In This Case Justify Equitable Tolling

Plaintiffs request equitable tolling due to the unusual delays caused by the unique procedural posture of this case. The motion for conditional certification was filed nineteen months ago, in May 2019. An opposition was due in June 2019. It is currently September 2020, and no ruling has issued on the motion. This unexpected delay in obtaining conditional certification has caused prejudice to the former residents of Cenikor Baton Rouge, who are losing their claims on a day-to-day basis due to the continued running of the statute of limitations. The appropriate way to ameliorate this prejudice is to grant equitable retroactive to June 14, 2019, when Cenikor failed to timely file its opposition brief. At that point, the instant motion for conditional certification stood unopposed.

Plaintiffs meet both prongs of the equitable tolling test. First, there can be no doubt that the Plaintiffs acted diligently in seeking conditional certification. This lawsuit was filed on May 1, 2019. On May 13, 2019, just twelve days later, Plaintiffs filed a detailed motion for conditional certification and attached twenty declarations in

support. Filing a well-supported motion for conditional certification in less than two weeks certainly qualifies as "diligent" action to protect the class members' rights.[13]

Second, this motion has been pending for nineteen months, which qualifies as an extraordinary circumstance. The procedural history of this case is certainly more complicated than usual, as there have been numerous motions to transfer, motions for consolidation, and discovery-related motions. Moreover, the coronavirus pandemic has affected both counsel and the court. Where, as here, a case presents a "unique procedural posture" leading to lengthy delay, equitable tolling is appropriate.[14] Courts across the country have recognized that equitable tolling is justified by lengthy delays prior to conditional certification. For example, in *Ferguson v. Texas Farm Bureau*, 307 F. Supp. 3d 577 (W.D. Tex. 2018), the court held that a ten-month delay in ruling on a motion for certification was sufficient to trigger the equitable tolling doctrine, and tolled the statute of limitations from the date the motion was filed (May 8, 2017) to the date the Court adopted the magistrate's report and recommendation (March 20, 2018). *Id.* at 582. A myriad of similar cases are collected in the footnote.[15] Although the specific facts

---

[13] *Cf. Shidler v. Alarm Sec. Group, LLC*, 919 F. Supp. 2d 827, 829-30 (S.D. Tex. 2012) (granting equitable tolling and finding that plaintiff acted diligently by "fil[ing] his original motion for conditional certification less than a month after the initial pretrial conference."); *see also Felps v. Mewbourne Oil Co.*, 2020 U.S. Dist. LEXIS 86389, at *16 (D.N.M. May 18, 2020) (filing motion within two months after complaint qualifies as "diligent"); *Brown v. Avalonbay Cmtys., Inc.*, 2019 U.S. Dist. LEXIS 58954, at *48 (E.D.N.Y. Mar. 29, 2019) (plaintiff acted diligently in filing motion four months after the complaint); *Abrams v. City of Albuquerque*, 2014 U.S. Dist. LEXIS 194056, at *31 (D.N.M. June 26, 2014) (plaintiffs acted promptly in filing motion for certification "while the motion to dismiss was still pending); *Curless v. Great Am. Real Food Fast, Inc.*, 280 F.R.D. 429, 435 (S.D. Ill. 2012) (plaintiff acted diligently in filing motion for certification one month before the Court's deadline).

[14] *Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 U.S. Dist. LEXIS 51833, at *4 (E.D. La. Apr. 20, 2009).

[15] *Koch v. Jerry W. Bailey Trucking*, 2020 U.S. Dist. LEXIS 155772, at *26 (N.D. Ind. Aug. 27, 2020) (fourteen month delay was extraordinary and justified tolling); *Baker v. Sunburst Consulting, Inc.*, 2017 U.S. Dist. LEXIS 121791, at *15-16 (D. Mont. July 6, 2017) ("the procedural delay incurred by the motion for conditional certification in this case warrants equitable tolling") *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 188 (E.D.N.Y. 2015) ("Given Plaintiff's overall steadfast due diligence during the pendency of these motions, the balance of equities requires

of these cases vary, they all hold that a delay in ruling on a motion for conditional certification should not act to prejudice the rights of innocent plaintiffs.

Plaintiffs request that the equitable tolling be effective as of June 14, 2019. There is caselaw supporting equitable tolling from the date a motion for certification is filed; here, May 13, 2019.[16] However, plaintiffs conservatively request a June 14, 2019 date because that is when Cenikor's opposition brief was due. Cenikor did not file a timely brief, and instead waited three months before filing a patently untimely opposition. The Court therefore would have been justified in granting the motion as unopposed on June 14th, and that date is therefore an appropriate marker for equitable tolling.

Granting this motion will not unduly prejudice Cenikor. Cenikor has been on notice of the claims since service of this complaint in May 2019. Cenikor knows, or should know, the identity of all individuals who make up the putative collective. It therefore cannot claim any undue surprise if tolling is granted.[17] Allowing equitable tolling will also ease pressure on the court, and court staff, from the need to make a

---

granting equitable tolling from September 9, 2013, the date Plaintiff filed the Motion to Certify"); *Davenport v. Charter Communs., LLC*, 2014 U.S. Dist. LEXIS 90739, at *22 (E.D. Mo. July 3, 2014) (seventeen-month delay justifies equitable tolling); *Abrams v. City of Albuquerque*, 2014 U.S. Dist. LEXIS 194056, at *30 (D.N.M. June 26, 2014) ("one-year delay was … extraordinary."); *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 860-61 (N.D. Ill. 2013) (granting equitable tolling and finding that two years was "excessive delay" not attributable to fault on the part of the plaintiff); *Yahraes v. Rest. Assoc. Events Corp.*, 2011 U.S. Dist. LEXIS 23115, at *4-5 (E.D.N.Y. Mar. 8, 2011) ("the time required for a court to rule on a motion . . . for certification of a collective action in an FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine"); *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309 (S.D. W.Va. 1986) (year and a half delay justified equitable tolling).

[16] *See, e.g., Shidler v. Alarm Sec. Grp., LLC,* 919 F. Supp. 2d 827, 831 (S.D. Tex. 2012) (granting equitable tolling from date motion to certify was filed;) *Chime v. Peak Sec. Plus, Inc.,* 137 F. Supp. 3d 183, 188 (E.D.N.Y. 2015) (same).

[17] *See Abrams v. City of Albuquerque*, 2014 U.S. Dist. LEXIS 194056, at *18 (D.N.M. June 26, 2014) (holding that, because the defendant was aware of the potential plaintiffs and the scope of the claims, "defendant should not be surprised or prejudiced by the inclusion of [these equitably tolled plaintiffs] in this action.") (*citing Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309 (S.D. W.Va. 1986)) (quotation altered for clarity).

speedy ruling on this pending motion, as it will assure that the rights of the putative opt-ins will not be prejudiced.

Finally, equitable tolling is justified because the *Aleem* case only includes individuals from Cenikor Baton Rouge, and Cenikor has shut down its Baton Rouge residential facility.[18] On information and belief, this shutdown occurred during the spring of 2020. The Baton Rouge collective is therefore "final," insofar as no new individuals are being added.[19] Equitable tolling is necessary to ensure that these individuals, whose rights are being diminished by the day, are not unjustly barred from court through no fault of their own.

## CONCLUSION

Wherefore, for the above-stated reasons, the motion for equitable tolling should be granted, and any future opt-ins in the *Aleem* matter should be treated as if they had joined the action on June 14, 2019, for purposes of calculating the statute of limitations.

Dated: Sept. 10, 2020

Respectfully Submitted,

THE CHOPIN LAW FIRM LLC

/s/ *Adam Sanderson*
**JUSTIN M. CHOPIN (Tex. Bar No. 24090829)**
**ADAM P. SANDERSON (La. Bar No. 31312)**
650 Poydras St., Suite 1550
New Orleans, La. 70130
Telephone:   Justin Direct: 504-229-6681
             Adam Direct: 504-517-1675
Facsimile:   504-324-0640
Email:       Justin@ChopinLawFirm.com
             Adam@ChopinLawFirm.com

---

[18]  *See* https://www.cenikor.org/locations/baton-rouge/ which states: "UPDATE Due to declining demand for long term treatment in Louisiana and related concerns over coronavirus impacting economic operations, Cenikor Foundation is suspending services at the long term facility in Baton Rouge only. (Last visited Sept. 10, 2020).

[19]  Of course, this could change if Cenikor were to reopen the Baton Rouge facility.

– And –

Charles J. Stiegler (Pro hac vice)
STIEGLER LAW FIRM LLC
318 Harrison Ave., #104
New Orleans, LA 70124
(504) 267 0777 (telephone)
(504)  513 3084 (fax)
charles@stieglerlawfirm.com

*Attorneys for Aleem Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that Sept. 10, 2020, a true and correct copy of the above and foregoing Motion for Equitable Tolling was filed electronically with the Clerk of the Court using the CM/ECF system.

　　　　　　　　　　　　　　　　　　/s/ *Adam Sanderson*

4832-9004-2058, v. 1