IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALIK ALEEM, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-03032 |
| | § | (Consolidated with 4:19-cv-01583) |
| CENIKOR FOUNDATION, INC., | § | |
|     *Defendant*. | § | |

**DEFENDANT CENIKOR FOUNDATION'S RESPONSE TO
PLAINTIFF MALIK ALEEM'S MOTION FOR EQUITABLE TOLLING**

David M. Gregory
Texas State Bar No. 24007274
Federal ID No. 24397
600 Travis Street, Suite 2800
Houston, Texas 77002
dgregory@lockelord.com
Tel: (713) 226-1344
Fax: (713) 223-3717

**ATTORNEY-IN-CHARGE
FOR DEFENDANT**

Christopher Dove
State Bar No. 24032138
Federal ID No. 37989
Andrew W. Reed
State Bar No. 24074935
Federal ID No. 1140192
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)
cdove@lockelord.com
andrew.reed@lockelord.com

**OF COUNSEL**

Frank Sommerville
Texas State Bar No. 18842700
Federal ID No. 9748
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
Telephone (817) 795-5046
Facsimile (800) 556-1869
fsommerville@wkpz.com

**OF COUNSEL**

## **TABLE OF CONTENTS**

A. To Equitably Toll the Limitations Period of Unnamed Potential Opt-In Plaintiffs, the Moving Party Must Demonstrate Diligence on the Part of the Putative Opt-Ins as Well as Extraordinary Circumstances that Prevented Timely Filing .......................................................................... 6

B. Aleem Has Not Satisfied His Burden Under Applicable Fifth Circuit Law ................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
    345 F.3d 347 (5th Cir. 2003) ...............................................................................................2

*Coker v. Stonewater Roofing, Ltd. Co.*,
    No. 6:19-cv-00211, 2020 WL 1451654 (E.D. Tex. Mar. 25, 2020) ...................................2, 7

*English v. Tex. Farm Bureau Bus. Corp.*,
    No. 6:17-cv-00323-ADA, 2019 WL 5191832 (W.D. Tex. Oct. 15, 2019)..................7, 8, 9, 10

*Espinosa v. Stevens Tanker Div. LLC*,
    No. SA-15-cv-879-XR, 2016 WL 4180027 (W.D. Tex. Aug. 5, 2016) ...................................9

*Farmer v. D&O Contractors, Inc.*,
    640 F. App'x 302 (5th Cir. 2016) .........................................................................................8

*Garcia v. Vasilia*,
    No. H-17-1601, 2018 WL 8733084 (S.D. Tex. Nov. 14, 2018) ........................................7, 9

*Gomez v. Mi Cocina Ltd.*,
    No. 3:14-cv-2934-L, 2016 WL 11665867 (N.D. Tex. Aug. 22, 2016)....................................9

*H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*,
    227 F.3d 326 (5th Cir. 2000) ...............................................................................................2

*In re Employment Records of John Does Employed By Sharpe Holding, Inc.*,
    No. 417MC238-RLW, 2017 WL 6547738, 2017 Wage & Hour Cases 2d
    (BNA) 456089 (E.D. Mo. Dec. 20, 2017) ...........................................................................12

*Menominee Indian Tribe of Wis. v. United States*,
    --- U.S. ----, 136 S. Ct. 750 (2016) ...................................................................................6, 7

*Phillips v. Leggett & Platt, Inc.*,
    658 F.3d 452 (5th Cir. 2011) ...............................................................................................6

*Quintanilla v. A&R Demolition Inc.*
    No. H-04-1965, 2006 WL 1663739 (S.D. Tex. June 13, 2006).............................................6

*Ramirez v. City of San Antonio*,
    312 F.3d 178 (5th Cir. 2002) ...............................................................................................2

*Rhodes v. Guiberson Oil Tools Div.*
    927 F.2d 876 (5th Cir. 1991) ...............................................................................................2

*Rule v. S. Indus. Mech. Maint. Co., LLC.*,
 No. 16-cv-1408, 2017 WL 4276936 (W.D. La. Aug. 22, 2017) ................................................7

*Sandoz v. Cingular Wireless, L.L.C.*,
 770 F. App'x 317 (5th Cir. 2017) ..................................................................................2, 6, 7

*Shidler v. Alarm Security Grp. LLC*,
 919 F. Supp. 2d 827 (S.D. Tex. 2012) ....................................................................................9

*Straka v. Methodist Dallas Med. Ctr. Auxiliary*,
 No. 3:16-cv-2192-B, 2018 WL 1609691 (N.D. Tex. Apr. 3, 2018) ....................................7, 9

**Federal Regulations**

42 C.F.R. § 2.4 ..............................................................................................................................11

42 C.F.R. § 2.13(a) ........................................................................................................................11

**Federal Statutes**

42 U.S.C. § 290dd-2(f) ..................................................................................................................11

**Other Authorities**

U.S. Department Of Health And Human Services, National Institutes Of
 Health ....................................................................................................................................3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALIK ALEEM, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-03032 |
| | § | (Consolidated with 4:19-cv-01583) |
| CENIKOR FOUNDATION, INC., | § | |
|     *Defendant*. | § | |

**DEFENDANT CENIKOR FOUNDATION'S RESPONSE TO
PLAINTIFF MALIK ALEEM'S MOTION FOR EQUITABLE TOLLING**

Defendant Cenikor Foundation, ("Cenikor" or "Defendant") files this *Defendant Cenikor Foundation's Response to Plaintiff Malik Aleem's Motion for Equitable Tolling*, opposing the relief sought by plaintiff Malik Aleem ("Aleem" or "Plaintiff") and respectfully states as follows:

### I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Aleem does not request this Court equitably toll his own statute of limitations. Instead, Aleem's Motion only "concerns unnamed plaintiffs who are members of the putative collective, but who have not yet joined the lawsuit." *See* Motion, p. 2. Despite numerous string cites to non-binding opinions, Aleem fails to direct this Court to (and does not even mention) *Sandoz v. Cingular Wireless*, an unpublished per curiam Fifth Circuit opinion from 2017 that directly addresses the issue presented here and requires a denial of Aleem's motion. Pursuant to *Sandoz*, the question in the Fifth Circuit is not whether the <u>named plaintiff</u> has diligently exercised his rights, but whether the evidence demonstrates that the <u>unnamed opt-in plaintiffs</u> conducted reasonable diligence in exercising their rights. The evidence here demonstrates that opt-ins have been free to discover (and in fact have discovered) their claims without need of court-facilitated notice. Aleem's only proffered justification—the passage of time—is routine in litigation, and is insufficient to constitute an "extraordinary circumstance" justifying an award of equitable tolling.

1

Furthermore, contrary to Aleem's representations, Cenikor timely responded to Aleem's motion for conditional certification. Notably, Aleem ignores and continues to offer no solution for the Court regarding his requirement to comply with federal regulations protecting identifying information of participants in substance abuse therapy. In doing so, Aleem invites this Court to commit error by granting its motion for conditional certification without required protections and authorizations.

## II.     ISSUES TO BE RULED UPON AND STANDARD OF REVIEW

The question presented is whether Aleem has demonstrated that the potential opt-in plaintiffs at issue (1) diligently pursued their rights, and (2) that extraordinary circumstances other than the period of time taken to rule on a motion to conditionally certify a collective action, caused the limitations period to lapse. *See Sandoz v. Cingular Wireless, L.L.C.*, 770 F. App'x 317, 320-21 (5th Cir. 2017) (unpublished) (per curiam); *Coker v. Stonewater Roofing, Ltd. Co.*, No. 6:19-cv-00211, 2020 WL 1451654, at *1-2 (E.D. Tex. Mar. 25, 2020).

There is a split in authority within the Fifth Circuit regarding the appropriate standard of review applicable to a motion for equitable tolling. *See Sandoz*, 770 F. App'x at 320 (collecting cases). For example, in *Ramirez v. City of San Antonio*, 312 F.3d 178, 183-86 (5th Cir. 2002) and *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 881 (5th Cir. 1991), the Fifth Circuit reviewed the district court's equitable tolling decision de novo. Conversely, in *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 360 (5th Cir. 2003), the court stated that the use of equitable estoppel is abuse of discretion. Regardless, the de novo standard is appropriate because "[w]hen panel opinions appear to conflict, [the Fifth Circuit] is bound to follow the earlier opinion." *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

### III.     NATURE AND STAGE OF THE PROCEEDING

**A.     Aleem, a Former Patient-Participant in Cenikor's Long-Term Rehabilitation Program, Files his Complaint on May 1, 2019**

Cenikor is a Section 501(c)(3) nonprofit and tax-exempt organization that offers licensed substance use disorder treatment at locations in Texas and Louisiana. Aleem is a former patient-participant in Cenikor's long-term residential substance abuse therapy program. Among other services, Cenikor uses the highly successful and proven Therapeutic Community model of treatment, which uses vocational training as a core part of its model.[1] The element of vocational work training is an essential part of the Therapeutic Community routine, and according to the National Institute on Drug Abuse, "studies find that therapeutic community (TC) participants show improvements in substance abuse, criminal behavior, and mental health symptoms; this is especially true of participants who enter treatment with the most severe problems."[2]

Aleem filed his original complaint in the Middle District of Louisiana on May 1, 2019, alleging violations of the Fair Labor Standards Act and similar state law claims for his time spent participating in vocational training. [Dkt. 1 in No. 4:19-3032]. Aleem's lawsuit was the third of what are now six cases that have been consolidated into the first-filed case styled *Timothy Klick v. Cenikor Foundation*, No. 4:19-cv-1583. [Dkt. 60 in No. 4:19-cv-1583]. Two of the six cases were originally filed in the Southern District of Texas, three were filed in the Middle District of Louisiana, and one case was filed in the Eastern District of Texas.

---

[1] For a more detailed description of the proven treatment methods of the Therapeutic Community rehabilitation model, *See* U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, NATIONAL INSTITUTES OF HEALTH, Therapeutic Communities, *Available at* https://www.drugabuse.gov/sites/default/files/therapueticcomm_rrs_0723.pdf (last visited August 27, 2020)

[2]  *See* DHHS, Therapeutic Communities, at 3.

3

**B.    Cenikor Receives Extension to Respond to Plaintiff's Motion for Conditional Certification, and Timely Files its Response on September 27, 2019**

Aleem filed his motion for conditional certification on May 13, 2019. [Dkt. 8 in No. 4:19-3032]. Pursuant to the local rules for the Middle District of Louisiana, and by court order, Cenikor's deadline to file its answer to the Aleem Complaint was not until June 13, 2019. [Dkt. 16 in 4:19-cv-3032]. On May 28, 2019, with one conditional certification motion pending in the Southern District of Texas (*Klick*) and two in the Middle District of Louisiana (*Sorey* and *Aleem*), Cenikor requested an extension of time to respond to each motion, two of which (*Sorey* and *Aleem*) were due prior to Cenikor's deadline to file an answer in those respective cases. The extension of time was necessary to brief and attempt to resolve the multitude of issues related to transfer and consolidation with the first-to-file court, among other things. On May 31, 2019, Cenikor's motion to extend was granted, in part. Within its order, the court provided Cenikor an opportunity to either file a response, seek a subsequent extension, request a status conference, or file a joint stipulation, through June 17, 2019. [Dkt. 24 in No. 4:19-3032]. Accordingly, it is not true, as Aleem continues to assert, that Cenikor's response was due June 14, 2019.[3]

However, later the same day that the order granting Cenikor's motion to extend was granted in part, the *Aleem* and *Potter* matters were transferred within the Middle District of Louisiana. [Dkt. 26 in 4:29-cv-3032]. Within the Docket Text for the order, the court stated the following:

> Further, the [27] Motion for Extension of Time to Respond to Plaintiff's Pre-Answer Motion in Civil Case Number 3:19-00267-BAJ-RLB is GRANTED *and Defendant's deadline to file a response to Plaintiff's Motion is extended through 9/27/2019.*

[Dkt. 26 Docket Text in 4:19-cv-3032] (emphasis added). Accordingly, Cenikor understood that within the Order the court (1) granted Cenikor's motion to extend filed in the Sorey matter ("in

---

[3] Aleem's Motion was filed on May 13, 2019. Dkt. 13 in No. 4:19-3032. Thus the original response deadline would have been June 3, 2019, and a 14-day extension would run through June 17, 2019.

4

Civil Case Number 3:19-00267-BAJ-RLB") and (2) extended Cenikor's deadline to file a response to Aleem's Motion for Conditional Certification through September 27, 2019 ("and Defendant's deadline to file a response to Plaintiff's Motion is extended through 9/27/2019."). This identical order, referring to both "Defendant" and "Plaintiff" was filed in both the Aleem and Sorey matters.

Thus, with the Order given by the Middle District of Louisiana Court, Cenikor's counsel did not believe that its deadline to file a response to Aleem's conditional certification motion would pass on June 17, 2019. When Cenikor first learned of a potential competing interpretation of the Court's order, it immediately sought clarification on June 18, 2019 [Dkt. 30 in 4:19-cv-3032]. Thus, in the event Cenikor's interpretation of the prior order was incorrect, Cenikor's request for clarification and request for an additional extension or status conference was made mere hours after the possible June 17, 2019 deadline. Where a request for extension is made after the deadline to respond, it is within the Court's discretion to grant the extension if the failure to file a response is excusable. *See* FED. R. CIV. P. 6(b)(1)(B). While Cenikor continues to believe its response was timely, at a minimum its failure to file a response was excusable given the competing orders simultaneously filed within the separate cases and the use of the words "Plaintiff" and "Defendant" in both orders filed under separate cause numbers.

Regardless, Cenikor's request was granted. The Middle District of Louisiana's prior order only required Cenikor to "move for a further extension of time [or] seek a status conference." [Dkt. 24 in 4:19-cv-3032]. On June 20, 2019, while clarifying its order as to the Sorey matter, the Middle District of Louisiana set a joint status conference to take place on July 1, 2019 for the *Sorey*, *Aleem*, and *Potter* cases. [Dkt. 34 in 4:19-cv-3032]. Following the hearing, the court stayed ruling on all issues until the motions to transfer were resolved. [Dkt. 43 in 4:19-cv-3032].

83694660v.3

The six cases were consolidated on February 25, 2020. [Dkt. 65 in No. 4:19-cv-3032]. Aleem filed his Motion for Equitable Tolling on September 10, 2020. [Dkt. 78 in No. 4:19-cv-3032]. As of the filing of this Response, 213 total individuals have filed notices of consent to opt into the consolidated cases.

### IV. ARGUMENT AND AUTHORITIES

**A. To Equitably Toll the Limitations Period of Unnamed Potential Opt-In Plaintiffs, the Moving Party Must Demonstrate Diligence on the Part of the Putative Opt-Ins as Well as Extraordinary Circumstances that Prevented Timely Filing**

Equitable tolling of the statute of limitations "is a narrow exception . . . that should be applied sparingly." *Sandoz*, 700 F. App'x at 320 (quoting *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (internal quotes omitted). For the narrow exception to apply, the plaintiff must demonstrate (1) a diligent pursuit of rights, and (2) that some "extraordinary circumstance" prevented timely filing that was beyond the person's control. *Id.* (citing *Menominee Indian Tribe of Wis. v. United States*, --- U.S. ----, 136 S. Ct. 750, 755-56 (2016)). This policy makes sense, because "[i]n the FLSA, Congress did not provide for tolling during the period that a court considers whether to certify a case as a collective action." *Quintanilla v. A&R Demolition Inc.*, No. H-04-1965, 2006 WL 1663739, at *3 (S.D. Tex. June 13, 2006) (Rosenthal, J.).

**B. Aleem Has Not Satisfied His Burden Under Applicable Fifth Circuit Law**

While Aleem has cited to unpublished district court cases from New York, Ohio, and New Mexico, among others, what is conspicuously missing is any mention of Fifth Circuit case law that is directly on point—namely, *Sandoz v. Cingular Wireless*.[4] Like Aleem, in *Sandoz*, the Fifth Circuit considered a motion for equitable tolling filed by the named plaintiff on behalf of opt-in

---

[4] While Aleem includes some citations to authority from the Supreme Court and the Fifth Circuit, none of these cases were brought pursuant to the FLSA and are merely cited in support of black letter legal standards regarding limitations periods and tolling in general. None of these cases have an effect on the per curiam Fifth Circuit *Sandoz* opinion.

plaintiffs. *Sandoz*, 700 F. App'x at 319. In support of her request, the plaintiff contended (1) "that she did not need to prove that the Opt-In Plaintiffs engaged in *any* diligence" and (2) that the defendants' litigation strategy and opposition to conditional certification was an "extraordinary circumstance" that justified tolling. *Id.* at 320-21 (emphasis in original). The Fifth Circuit rejected both arguments and held that equitable tolling "focuses on whether an external obstacle 'prevented timely filing,' not on whether an obstacle prevented timely filing *in a specific suit*." *Id.* at 321 (citing *Menominee*, 136 S. Ct. at 755)). Because the plaintiff in *Sandoz* presented no evidence that potential opt-in plaintiffs were prevented from discovering or initiating their claims, the Fifth Circuit denied the plaintiff's tolling request. *Id.* In doing so, the court held "we will not transform routine litigation into an extraordinary circumstance," and thus rejected the plaintiff's argument that protracted motion practice was sufficient to justify an award of tolling. *Id.*

Aleem fails to cite any Fifth Circuit authority decided after *Sandoz* that directs the Court to reach a different result. *See Garcia v. Vasilia*, No. H-17-1601, 2018 WL 8733084, at *2 (S.D. Tex. Nov. 14, 2018) (Miller, J.) (denying motion for equitable tolling and relying on *Sandoz*, stating "The court is unconvinced by the non-binding caselaw cited by Plaintiffs that a different rule should apply."). Within the Fifth Circuit, courts that have applied *Sandoz* "have refused to equitably toll the FLSA statute of limitations if plaintiffs failed to prove both that potential opt-in plaintiffs diligently pursued their rights and that extraordinary circumstances—other than the period of time taken to rule on a motion—caused the limitations period to lapse." *Coker*, 2020 WL 1451654, at *2 (collecting cases).[5]

---

[5] *See also English v. Tex. Farm Bureau Bus. Corp.*, No. 6:17-cv-00323-ADA, 2019 WL 5191832, at *3 (W.D. Tex. Oct. 15, 2019); *Straka v. Methodist Dallas Med. Ctr. Auxiliary*, No. 3:16-cv-2192-B, 2018 WL 1609691, at *1 (N.D. Tex. Apr. 3, 2018); *Rule v. S. Indus. Mech. Maint. Co., LLC*, No. 16-cv-1408, 2017 WL 4276936, at *2 (W.D. La. Aug. 22, 2017), report and recommendation adopted, No. 16-cv-1408, 2017 WL 4273115 (W.D. La. Sept. 25, 2017).

Moreover, the evidence demonstrably shows no such obstacles prevented potential opt-in plaintiffs from joining the lawsuit. As of the filing of this Response, six lawsuits (now consolidated) with a combined 213 notices of consent have been filed.[6] These numbers demonstrate the relative ease with which persons have asserted their claims. Not surprisingly, Aleem does not contend that either he or any potential opt-in plaintiff refrained from commencing suit because of an alleged inducement or fraudulent concealment on the part of Cenikor. *See Farmer v. D&O Contractors, Inc.*, 640 F. App'x 302, 305 (5th Cir. 2016) ("We have held that '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.").

The recent case of *English v. Texas Farm Bureau Business Corporation* is instructive on this point. In *English*, the court rejected the plaintiff's motion for equitable tolling where the plaintiff argued that the defendant's alleged misclassification of workers as independent contractors prevented potential opt-in plaintiffs from asserting their rights. *English*, 2019 WL 5191832, at *3. Rejecting this argument, the court noted that not only did the plaintiff not offer evidence in support of his contention, but "the fact that thirty to forty-four plaintiffs opted into this action prior to the distribution of court-authorized notice suggests the opposite: formal notice was not necessary to discovery potential misclassification. . . . [H]olding that some potential opt-ins could not discover their claims without court-authorized notice after dozens of others already did would render equitable tolling the rule rather than the exception in FLSA misclassification collective actions." *Id.* The same is true here, as approximately five times as many individuals have opted into these six consolidated cases as did in the *English* case.

---

[6] Cenikor would note that some individuals have filed notices of consent in multiple of the consolidated cases.

In his Motion, Aleem's only argument in support of equitable tolling is "due to the unusual delays caused by the unique procedural posture of the case." *See* Motion, p. 4. However, "[c]ourts in the Fifth Circuit regularly deny motions for equitable tolling when the only justification provided is the delay in deciding a motion for conditional class certification." *Espinosa v. Stevens Tanker Div. LLC*, No. SA-15-cv-879-XR, 2016 WL 4180027, at *4 (W.D. Tex. Aug. 5, 2016); *see also English*, 2019 WL 5191832, at *3-4; *Straka*, No. 3:16-cv-2192-B, 2018 WL 1609691, at *1. Motions to transfer, motions to dismiss, and discovery issues are commonplace in litigation and thus do not constitute an "extraordinary circumstance" in the Fifth Circuit. Indeed, "[t]his is likely not the first case that has encountered such delays, and it will not be the last. And nothing in these delays indicates that the potential opt-in plaintiffs who have not received notice were prohibited from exercising their rights to pursue litigation while the motion to certify was pending." *Garcia*, 2018 WL 8733084, at *2 (denying motion for equitable tolling and determining delays resulting from a motion to dismiss and subsequent jurisdictional discovery not to be an "extraordinary circumstance"); *see also Gomez v. Mi Cocina Ltd.*, No. 3:14-cv-2934-L, 2016 WL 11665867, at *13 (N.D. Tex. Aug. 22, 2016) (collecting cases for proposition that it is not an extraordinary circumstance for the purposes of equitable tolling even where the delay is purportedly caused by a defendant's objections to the proposed notice, refusal to comply with discovery, or the filing of "unnecessary motions").[7]

---

[7] Notably, the only Southern District of Texas case cited by Aleem, *Shidler v. Alarm Security Group, LLC*, is distinguishable on its facts. The McAllen Division Court in *Shidler* granted a motion for equitable tolling where (1) the defendant agreed to the form of conditional certification, (2) the defendant agreed the plaintiff diligently pursued his claims, and (3) the court sua sponte required further briefing regarding the membership of the defendant company to confirm subject matter jurisdiction was present. *See Shidler v. Alarm Security Grp. LLC*, 919 F. Supp. 2d 827, 831 (S.D. Tex. 2012) (Alvarez, J.). Thus, the *Shidler* court based its decision on the fact that the parties did not dispute conditional certification was appropriate and that "the delay was not due to the Court's consideration of the conditional certification [motion], but instead to the need for the Court to ascertain the parties properly before it, a delay entirely unrelated to the certification itself." *Id.*

9

Furthermore, equitable tolling is also not warranted due to the COVID-19 pandemic, as the Court "remained open during this period and its work was unaffected." *See*, *English*, 2019 WL 5191832, at *4 (denying motion for equitable tolling and rejecting the plaintiff's argument that the "longest shut down in U.S. Government history" contributed to the length of time it took the court rule on pending motions).

**C.  The Delay, if Any, is Due to Aleem's Lack of Diligence, not Cenikor's**

The parties agree that the burden rests upon Aleem in requesting an equitable extension of the limitations period. *See*, Motion, p. 2. Without waiving this burden, Cenikor notes that to the extent either party is at fault for the delays in this litigation, it is Aleem. From the very beginning of this matter, Aleem was the only party to oppose consolidation under the Louisiana local rules. *See* [Dkt. 11 in No. 4:19-3032]. Similarly, Aleem was the only party to oppose transfer to this Court, despite clear Fifth Circuit authority regarding the first-to-file rule. *See* [Dkt. 37 in No. 4:19-3032, at p. 4] ("Plaintiff herein intends to oppose any such motions."). Despite opposing the transfer and repeating such opposition in the Middle District of Louisiana's chambers on July 1, 2019, Aleem ultimately conceded transfer was appropriate on July 18, 2019, when Aleem filed his response to Cenikor's motion to transfer. With the unnecessary briefing completed following Aleem's delayed non-opposition, this case was ultimately transferred on August 9, 2019. [Dkt. 45 in No. 4:19-cv-3032]. The length of time taken to transfer this case, followed by subsequent consolidation, is not Cenikor's fault or due to any alleged delay tactics. If anything, the delay lies at the feet of Aleem for contesting local rules and the Fifth Circuit's first-to-file rule.

Of additional importance is that Aleem rejected Cenikor's original offer to toll the limitations period. On June 26, 2019, pursuant to the Middle District of Louisiana's local rules, the parties filed a *Joint Status Report*. [Dkt. 37 in No. 4:19-cv-3032]. Within the report, Cenikor

10

detailed its proposal to not only transfer and consolidate the matters, but also to bifurcate the consolidated case into an expedited dispositive motion phase, followed by a conditional certification phase. *Id.* at p. 9. In the event the Court determined the patient-participants in Cenikor's program had no expectation of compensation and, thus, are not employees, there would be no need to certify a collective action and send out additional notices. However, if Cenikor's dispositive motion was denied and/or the plaintiffs' motion on the employee issue were granted, the parties would proceed with briefing on a motion for conditional certification. As stated in the report, "Defendant would agree to limited tolling during this period." *Id.* at 10. Aleem rejected the proposal and its tolling provision.

Finally, as described above, Cenikor timely filed its response to Aleem's conditional certification motion based on its understanding that the responses to each of the three pending motions were due on September 27, 2019. However, even if Cenikor's response is untimely, it is not the case that the Court could simply grant Aleem's motion as unopposed, as Aleem suggests. In particular, despite ample opportunity to do so, Aleem has still not provided any guidance to the Court as to how he proposes to have Cenikor provide the names and other identifying information of potential opt-in plaintiffs to Aleem's counsel, without violating 42 U.S.C. §290dd-2. The applicable privacy regulations state that the names of persons who participate in substance abuse therapy "may not be otherwise disclosed or used in any civil . . . proceedings conducted by any Federal, State or local authority." 42 C.F.R. § 2.13(a). Violation of this statute or corresponding regulations is subject to criminal penalty. 42 U.S.C. § 290dd-2(f); 42 C.F.R. § 2.4. Requiring Cenikor to provide the names of its patients to Aleem's counsel in the absence of signed acknowledgements and/or waivers, subjects Cenikor not only to civil, but also potential criminal penalties. Similar requests for names have been rejected when requested in conjunction with a

11

wage and hour investigation. *See In re Employment Records of John Does Employed By Sharpe Holding, Inc.*, No. 417MC238-RLW, 2017 WL 6547738, 2017 Wage & Hour Cases 2d (BNA) 456089 (E.D. Mo. Dec. 20, 2017).

## V.   CONCLUSION

Cenikor respectfully requests the Court deny Aleem's request for equitable tolling because Aleem had not satisfied his burden to demonstrate the potential opt-in plaintiffs have diligently pursued their rights or that extraordinary circumstances exist beyond typical litigation and the duration of a ruling on a pending motion.

Dated: September 30, 2020                        Respectfully submitted,

**LOCKE LORD LLP**

By:   /s/ David M. Gregory
David M. Gregory
Texas State Bar No. 24007274
Southern District ID No. 24397
600 Travis Street, Suite 2800
Houston, Texas 77002
dgregory@lockelord.com
Tel: (713) 226-1344
Fax: (713) 223-3717

ATTORNEY-IN-CHARGE
FOR DEFENDANTS

Christopher Dove
Texas State Bar No. 24032138
Southern District ID No. 37989
Andrew W. Reed
Texas State Bar No. 24074935
Southern District ID No. 1140192
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
Telephone (713) 226-1200
Facsimile (713) 223-3717
cdove@lockelord.com
andrew.reed@lockelord.com

Frank Sommerville
Texas State Bar No. 18842700
Southern District ID No. 9748
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
Telephone (817) 795-5046
Facsimile (800) 556-1869
fsommerville@wkpz.com

**OF COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a copy of this document and proposed Order was filed electronically with the Clerk of Court using the CM/ECF system on September 30, 2020. Notice of this filing will be sent to counsel for the Plaintiff by operation of the court's electronic filing system.

/s/ *ANDREW W. REED*
Andrew W. Reed