UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| MALIK ALEEM, Individually and on Behalf of All Others Similarly Situated, § § § *Plaintiff,* § § § v. § § CENIKOR FOUNDATION, § § § *Defendants.* § | Civil Action No. 4:19-cv-03032 c/w 4:19-cv-1583 |

## **PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

On behalf of the Plaintiffs in *Aleem et al. v. Cenikor Foundation*, no. 19-cv-3032, undersigned counsel hereby moves for leave to file an Amended Complaint, a copy of which is attached as an Exhibit. This is the *Aleem* Plaintiffs' first motion to file an amended pleading.

Pursuant to Local Rule 7.1, Plaintiffs' counsel certify that they have conferred with Cenikor's counsel. Cenikor opposes the relief set forth in this motion.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Where, as here, the deadline for filing amended pleadings has not yet passed, there is a strong presumption in favor of allowing an Amended Complaint. "In the context of motions to amend pleadings, 'discretion' may be misleading, because Fed. R. Civ. P. 15(a) 'evinces a bias in favor of granting leave to amend.'"[1] "Unless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'"[2]

---

[1] *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (collecting cases).
[2] *Id.;* see also *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

## THE PROPOSED AMENDED COMPLAINT

The Proposed Amended Complaint is attached to this Motion as an Exhibit. Also attached is a "redline" copy showing the changes made from the original Complaint. The primary substantive change is the addition of a Fourth Cause of Action asserting a claim under the Louisiana Unfair Trade Practices Act, which renders unlawful any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce…" La. Rev. Stat. § 51:1405.

Plaintiffs allege that the Defendant's actions, as alleged in the original Complaint, constitute unfair, unlawful, or deceptive acts. Critically, this claim is based on the same basic operative facts relating to Defendants' nonpayment of the Plaintiffs' duly earned wages, as well as its retention of Plaintiffs' SNAP benefits (i.e., food stamps) and other government benefits to fund its own operations. These underlying factual allegations have been part of this case since the beginning, and the primary purpose of the First Amended Complaint is to assert a separate legal theory based on those identical underlying facts.

## ARGUMENT

Plaintiffs note that the Court has not issued a Scheduling Order setting a deadline for the filing of an Amended Complaint. Thus, the "good cause" standard set forth in Fed. R. Civ. P. 16(b) does not apply.[3] Instead, the more generous Rule 15 standard applies, which requires that leave to amend be "freely given" and "evinces a bias in favor of granting leave to amend."[4] Given the strong federal policy favoring liberal amendment of complaints at this stage in the litigation, Plaintiffs' motion should be granted.

---

[3] *See, e.g., United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.,* 816 F.3d 315, 328 (5th Cir. 2016) (discussing the higher showing required for a motion to amend filed after a scheduling order deadline).

[4] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).

Here, there is no "substantial reason" justifying leave to amend.[5] The "substantial reason" standard is a high bar that is only met when, for instance, a plaintiff has acted with "undue delay, bad faith or dilatory motive" in seeking leave to amend, the plaintiff has made "repeated failures to cure deficiencies by amendments previously allowed," "undue prejudice [will result] to the opposing party by virtue of allowance of the amendment," or the amendment would be completely futile.[6] None of those factors are met here.

First, Plaintiffs have not unduly delayed in bringing this motion, as the Court has yet to set a trial date, dispositive motion deadline, or fact discovery deadline.[7] Cenikor will have a full opportunity to conduct whatever investigation, discovery, or research it deems necessary with respect to this newly asserted claim.

Second, there is no bad faith or dilatory motive. The filing of this First Amended Complaint will not in any way delay trial or discovery in this action, and Plaintiffs have not filed this motion in an attempt to obtain any procedural advantage. To the contrary, Plaintiffs are simply seeking to add an additional legal cause of action based on the same underlying operative facts. *See, e.g., Rangel v. Mascorro,* 2011 U.S. Dist. LEXIS 167387, at *9 (S.D. Tex. Aug. 19, 2011) (granting leave where the additional "claims and defenses do not fundamentally alter the nature of the case, but rather, merely propose a legal theory for recovery on the same underlying facts.")

Third, Cenikor will not suffer any undue or unfair prejudice. As set forth earlier, it will have a full opportunity to conduct discovery and investigation regarding the LUTPA claim. None of the factors evidencing undue prejudice are present. *See, e.g., Smith v. EMC Corp.,* 393

---

[5] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).
[6] *Id.*
[7] The Court has set a deadline for the limited discovery regarding conditional certification; however, that is limited to the pending motion for conditional certification and is certainly not intended as a general fact discovery deadline in this case.

F.3d 590, 596 (5th Cir. 2004) (denying motion to amend made during trial and noting undue prejudice if a new claim would require "reopen[ing] discovery and prepar[ing] a defense for a claim different from the [one] ... that was before the court.") That is simply not the case here – given that the claims all arise out of the same operative facts, no undue prejudice will entail.

## CONCLUSION

The proposed amended complaint is timely, relies on the same underlying core of operative facts, and will not delay the litigation of this matter in any way. Wherefore, for the above-stated reasons and based on the strong presumption in favor of allowing amended pleadings, the Plaintiffs' motion should be GRANTED.

Dated: May 25, 2021

Respectfully Submitted,

THE CHOPIN LAW FIRM LLC

/s/ *Adam Sanderson*
**JUSTIN M. CHOPIN (Tex. Bar No. 24090829)**
**ADAM P. SANDERSON (La. Bar No. 31312)**
650 Poydras St., Suite 1550
New Orleans, La. 70130
Telephone:   Justin Direct: 504-229-6681
             Adam Direct: 504-517-1675
Facsimile:   504-324-0640
Email:       Justin@ChopinLawFirm.com
             Adam@ChopinLawFirm.com

– And –

Charles J. Stiegler (*Pro hac vice*)
STIEGLER LAW FIRM LLC
318 Harrison Ave., #104
New Orleans, LA 70124
(504) 267 0777 (telephone)
(504) 513 3084 (fax)
charles@stieglerlawfirm.com

*Attorneys for Aleem Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I certify that May 25, 2021, a true and correct copy of the above and foregoing Brief was filed electronically with the Clerk of the Court using the CM/ECF system and notice thereby given to all counsel of record.

                                          */s/ Adam Sanderson*