IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALIK ALEEM, *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 4:19-cv-03032 (Consolidated with 4:19-cv-01583) |
| CENIKOR FOUNDATION, INC., *Defendant*. | § § § | |

**DEFENDANT CENIKOR FOUNDATION'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant Cenikor Foundation files this response to Plaintiffs' Motion for Leave to File Amended Complaint, and respectfully states as follows:

### I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT

The Court should deny Plaintiff's Motion for Leave to File an Amended Complaint because allowing him the opportunity to do so would be futile. First, Plaintiff's newly-asserted claims—made over two years after the filing of his Original Complaint—fall outside of the applicable statute of limitations period. Second, the Louisiana Unfair Trade Practices Act ("LUTPA") expressly prohibits representative actions. Third, Plaintiff lacks standing to bring a private cause of action under LUTPA. Finally, Plaintiff fails to establish good cause exists to excuse his delay and provides no explanation for his failure to assert a LUTPA claim based upon facts that he knew at the time he filed his original complaint in May 2019.

### II.  BACKGROUND AND NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed his original complaint on May 1, 2019. Dkt. 1 in No. 4:19-cv-3032. On February 25, 2020, the Court consolidated this case—along with other similar proceedings—with the first-filed case styled *Klick v. Cenikor Foundation*, No. 4:19-cv-1583. *See* Dkt. 65 in 4:19-cv-3032. Pursuant to this Court's orders on discovery, the parties in the consolidated cases exchanged

1

and responded to written discovery in the summer of 2020. Thus far, three named plaintiffs have had their depositions taken.[1] Cenikor noticed the remaining depositions of the named plaintiffs in the consolidated cases to take place on or before July 9, 2021, with Plaintiff's deposition currently scheduled for June 18, 2021. A deposition of Cenikor's corporate representative is scheduled for June 25, 2021.

The Court has not yet issued a scheduling order in this matter with two motions for conditional certification currently pending.

### III.  QUESTION PRESENTED AND STANDARD OF REVIEW

The question presented is whether Plaintiff's proposed amendment would be futile. Additionally, due to the length of time this case has been on file, Plaintiff's request must be accompanied by a showing of good cause or excusable neglect.

A district court's ruling of a motion for leave to amend is reviewed under an abuse of discretion standard. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

### IV.  ARGUMENT AND AUTHORITIES

**A.  Legal Standard For Motions To Amend Pleadings**

While leave to amend under Federal Rule of Civil Procedure 15(a)(2) is freely given when justice so requires, it "is by no means automatic." *Davis v. U.S.*, 961 F.2d 53, 57 (5th Cir. 1991) (citation omitted). District courts have discretion to manage their docket. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Ultimately, whether or not to grant leave to

---

[1] The May 27, 2021 remote deposition of plaintiff Gregory Sorey was postponed when Sorey apparently experienced technical issues with his computer around lunchtime. The deposition was scheduled to resume on Friday, June 4, 2021. However, Sorey abruptly canceled the deposition at 5:01 p.m. the evening before it was scheduled to resume. Sorey's counsel has since indicated he will advise Cenikor as to whether Sorey intends to continue to pursue his claims.

amend a pleading is within the discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). An amendment is futile if the amended claim would fail to state a claim upon which relief can be granted. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."). Accordingly, a district court properly analyzes a request for leave to amend under the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*

### B. Plaintiff's Attempted Amendment Is Futile Because His Claims Fail To State A Claim Upon Which Relief Can Be Granted

Plaintiff's proposed new cause of action is premised upon Section 1409(A) of LUTPA, which provides that:

> any person who suffers any ascertainable loss of money . . . as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

LA. STAT. ANN. § 51:1409(A). Plaintiff's claims are futile for multiple reasons, and Plaintiff's request for leave should be denied.

#### 1. Plaintiff's Claims Fall Outside Of The Applicable Statute Of Limitations

LUTPA claims are subject to a one-year statute of limitations. LA. STAT. ANN. § 51:1409(E). Within his proposed amended complaint, Plaintiff alleges he "worked for Cenikor from approximately October 2016 until December 2017 without receiving any pay whatsoever." *See* Dkt. 115-1 in No. 4:19-cv-1583, p. 2, ¶ 12. Plaintiff further alleges he "participated in the re-

3

entry program from approximately December 2017 through February 2018" during which time he alleges he was "permitted to keep a portion of [his] wages earned." *Id.* at p. 4, ¶ 30. Thus, even accepting as true all allegations in his proposed amended complaint, Plaintiff's LUTPA claims, if any, expired by February 28, 2019. However, Plaintiff did not file his original complaint until May 1, 2019. *See* Dkt. 1 in No. 3032. Plaintiff's proposed amended complaint is futile because Plaintiff's claim is barred by the applicable one-year limitations period.

2. <u>Plaintiff's Claims Brought On Behalf Of Others Are Prohibited By Statute</u>

Plaintiff's claims on behalf of a purported class also fail. First, as stated above, Plaintiff's own claims are time-barred, and thus he is not a proper plaintiff to bring any LUTPA action. Moreover, LUTPA expressly provides that any cause of action may be brought "individually but not in a representative capacity." LA. STAT. ANN. § 51:1409(A). Plaintiff's request for leave to bring a representative action on behalf of "himself, all other individuals who have opted in to this action, and all other similarly situated individuals in the Collective as defined below," is contrary to the express terms of the statute. *See* Dkt. 115-1 in No. 4:19-cv-1583, p. 1, ¶ 1.

3. <u>Plaintiff Is Neither A "Consumer" Nor A "Competitor" Of Cenikor, And Thus Does Not Have Standing To Bring A Claim Under LUTPA</u>

Notwithstanding what may appear to be relatively inclusive language that "any person" may bring may bring an action under LUTPA, the Fifth Circuit has consistently held that the right to bring a claim under LUTPA belongs only to individual consumers and business competitors. *See Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp., Inc.*, 292 F.3d 471, 480 (5th Cir. 2002); *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 405 (5th Cir. 2000) (collecting cases); *BABA Lodging, LLC v. Wyndham Worldwide Operations, Inc.*, No. 10-1750, 2012 WL 13041532, at *2 (W.D. La. March 19, 2012). Thus, Plaintiff's proposed amended

4

complaint is also futile if it fails to demonstrate Plaintiff's status as either a consumer or competitor.

To be a business competitor under LUTPA, a plaintiff must establish it engages in a business that competes directly or indirectly with the defendant as a business competitor. *See, e.g., Tubos de Acero de Mexico*, 292 F.3d at 480 (citing *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 975 F.2d 1192, 1205 (5th Cir. 1992)). Similarly, LUTPA defines a "consumer" as "a person who uses, purchases, or leases goods or services." LA. STAT. ANN. § 51:1402(1). In his proposed amended Plaintiff asserts no facts that, even if accepted as true at the pleading stage, are sufficient to establish either business competitor or consumer status.

Cenikor anticipates Plaintiff will rely on the case of *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053 (La. 2010) for the proposition that Louisiana courts no longer interpret LUTPA as having limited standing. However, as subsequently noted by Louisiana federal district courts, the *Cheramie* opinion was merely a plurality opinion addressing LUTPA standing. *See, e.g., BABA Lodging, LLC*, 2012 WL 13041532, at *4; *Doctor's Hosp. of Slidell, LLC v. United HealthCare Ins. Co.*, No. 10-3862, 2011 WL 13213620 at *7, E.D. La. April 27, 2011). While the *Cheramie* court stated that LUTPA "does not contain a clear, unequivocal and affirmative expression that the private right of action . . . extends only to business competitors and consumers," this portion of this opinion was only joined by three out of seven justices. *See Cheramie Servs.*, 35 So.3d at 1054 n.1, 1063-65.[2] Moreover, one of the concurring *Cheramie* opinions expressly recognized that "the majority's discussion of standing . . . is dicta." *Id.* at 1065. Another justice's concurring *Cheramie* opinion detailed that "[a]ppellate courts throughout this

---

[2] Justice Kimball did not participate, Justice Knoll concurred in the result only, Justice Guidry stated that the standing discussion was dicta, and Justice Johnson disagreed with the standing discussion. *See BABA Lodging, LLC,* 2012 WL 13041532, at *4 n.2.

state have found that the personal right of action afforded under LUTPA applies only to direct consumers or to business competitors," and cited seventeen state and federal cases in support. *Id.* at 1064-65.

Because *Cheramie* does not represent a holding of the majority of the Louisiana Supreme Court, it does not have a binding effect on either Louisiana Courts or this Court. *Chaney v. Travelers Ins. Co.*, 249 So.2d 181, 184 (La. 1971) (appellate court erred in considering itself bound by a plurality opinion of the Louisiana Supreme Court); *see also BABA Lodging, LLC*, 2012 WL 13041532, at *4. In absence of a majority opinion, it is proper to follow binding Fifth Circuit authority, which definitively held that "LUTPA's private right of action is limited to direct consumers or to business competitors." *Tubos de Acero de Mexico, S.A.*, 292 F.3d at 480; *see also Doctor's Hosp. of Slidell, LLC*, 2011 WL 13213620 at *7; *BABA Lodging, LLC*, 2012 WL 13041532, at *4.

Plaintiff has failed to plead he is either a business competitor or consumer, and thus his proposed first amended complaint is futile because it fails to meet the pleading standards of Rule 12(b)(6).

C.  **Plaintiff Has Failed To Demonstrate Good Cause For His Two-Year Delay**

Moreover, Plaintiff fails to establish good cause exists for the requested leave. While it is true that the Court has not yet entered a scheduling order in this case, Plaintiff admits his new LUTPA claim "is based on the same basic operative facts" as those in his original complaint (and presumably those in the consolidated cases). *See* Dkt 115, p. 2. Plaintiff does not allege that any new facts, evidence, or case law have recently come to light or that he was in any way prohibited from earlier requesting leave to add a new cause of action at any time over the past two years. It is within a trial court's discretion to deny leave to amend where "the facts underlying the amended complaint were known to the party when the original complaint was filed." *Matter of Southmark*

6

92281997v.4

*Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (affirming denial of leave to amend where the plaintiff "sought leave to add both a fact of which it had been aware since before it filed its original complaint and a cause of action based on the identical, known facts that underlie its original complaint."); *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend where "there . . . appear[ed] to be no matters that [the plaintiff] proposed to add which could not have been raised initially.").

While it is true that some cases denying motions for leave to amend involve situations in which a plaintiff seeks to amend on the eve of trial, this "does not preclude a district court from properly exercising its discretion to deny leave to amend under particular facts like those present in the instant case." *Southmark Corp.*, 88 F.3d at 315. In *Southmark Corp.*, for example, the Fifth Circuit affirmed the denial of a request for leave where the movant offered "no reasonable explanation" for its thirteen-month delay in seeking leave to amend following the filing of its original complaint. *Id.* at 316. The Fifth Circuit affirmed the denial of leave despite the fact that the trial court had not yet set a trial date, the parties had not completed discovery, the defendant only recently filed its answer, and no dispositive motions had been filed. *Id.* Here, Plaintiff provides no justification for his decision to wait over two years to add a claim based upon facts that he knew as of the filing of his original complaint.

Finally, pursuant to the order of the Court, the parties in the consolidated cases propounded and responded to written discovery in the summer of 2020. *See* Dkt. 63 in No. 4:19-cv-1583. Pursuant to a more recent order from the Court, the parties have also scheduled the depositions of all named plaintiffs, as well as a corporate representative of Cenikor, to take place by mid July 2021. *See* April 7, 2021 Minute Entry Order in No. 4:19-1583. Cenikor is scheduled to take Plaintiff's deposition on Friday, June 18, 2021, with Cenikor's corporate representative presented

7

the following week. Following these depositions, it is possible that sufficient discovery will have taken place to consider certain dispositive motions in addition to Plaintiff's pending motion for certification to which the current discovery order primarily relates. Permitting Plaintiff to amend his complaint after over two years has already passed would only serve to restart the discovery period for Plaintiff for a claim that is barred by the statute of limitations and is not capable of being asserted in a representative capacity, which would only serve to cause further delay of a final resolution of this matter. *See Chitimacha Tribe of La. V. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163-64 (5th Cir. 1982) ("The Chitimachas requested leave to amend two years and three months after they filed their original complaint. Because this litigation is complex and involves many parties, the fact that there was a lengthy delay is not dispositive. The factor does, however, weigh against the Chitimachas.").

Because Plaintiff's proposed amendment is futile and good cause does not exist for allowing the amendment, the Court should deny Plaintiff's request for leave to amend.

## V.   Conclusion and Prayer

Plaintiff's motion for leave to amend should be denied. Plaintiff's proposed amended complaint is futile because it fails to state a claim under Rule 12(b)(6). Plaintiff also offers no reasonable explanation for his delay in seeking an amendment, which further justifies this Court's exercise of discretion in denying leave to amend.

Defendant Cenikor Foundation respectfully prays that the Court deny Plaintiff Malik Aleem's Motion for Leave to File Amended Complaint (Dkt. 115 in 4:19-cv-1583), and that Cenikor be awarded such further relief to which it may otherwise be entitled.

92281997v.4

Dated: June 11, 2021                                Respectfully submitted,

                                                                    **LOCKE LORD LLP**

By:   */s/ ANDREW W. REED*
      David M. Gregory
      Texas State Bar No. 24007274
      Southern District ID No. 24397
      600 Travis Street, Suite 2800
      Houston, Texas 77002
      dgregory@lockelord.com
      Tel: (713) 226-1344
      Fax: (713) 223-3717

ATTORNEY-IN-CHARGE
FOR DEFENDANTS

Christopher Dove
Texas State Bar No. 24032138
Southern District ID No. 37989
Andrew W. Reed
Texas State Bar No. 24074935
Southern District ID No. 1140192
Kathleen Grossman
Texas State Bar No. 24109949
Southern District ID No. 3399013
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
Telephone (713) 226-1200
Facsimile (713) 223-3717
cdove@lockelord.com
andrew.reed@lockelord.com
kathleen.grossman@lockelord.com

Frank Sommerville
Texas State Bar No. 18842700
Southern District ID No. 9748
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
Telephone (817) 795-5046
Facsimile (800) 556-1869
fsommerville@wkpz.com

**OF COUNSEL FOR DEFENDANTS**

9

92281997v.4

## **CERTIFICATE OF SERVICE**

  I certify that a copy of this document was filed electronically with the Clerk of Court using the CM/ECF system on June 11, 2021. Notice of this filing will be sent to counsel for the Plaintiff by operation of the court's electronic filing system.

              /s/ *ANDREW W. REED*
              Andrew W. Reed